ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:19-cv-00767-WHA

Navarrete v. Hill's Pet Nutrition, Inc.
Assigned to: Judge William Alsup
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 02/12/2019
Jury Demand: Plaintiff
Nature of Suit: 195 Contract Product
Liability
Jurisdiction: Diversity

**Plaintiff**

**John Navarrete**

represented by **Willem F. Jonckheer**
Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220
Fax: (415) 788-0161
Email: wjonckheer@schubertlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn Yvette Schubert**
Schubert Jonckheer and Kolbe LLP
Three Embarcadero Center
Suite 1650
San Francisco, CA 94111
415-788-4220
Email: kschubert@schubertlawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hill's Pet Nutrition, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2019 | 1 | COMPLAINT against Hill's Pet Nutrition, Inc. ( Filing fee $ 400, receipt number 0971-13087292.). Filed byJohn Navarrete. (Attachments: # 1 Civil Cover Sheet)(Schubert, Kathryn) (Filed on 2/12/2019) (Entered: 02/12/2019) |
| 02/12/2019 | 2 | Proposed Summons. (Schubert, Kathryn) (Filed on 2/12/2019) (Entered: 02/12/2019) |
| 02/13/2019 | 3 | Case assigned to Magistrate Judge Donna M. Ryu.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. |

| | | |
|---|---|---|
| | | Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 2/27/2019. (as, COURT STAFF) (Filed on 2/13/2019) (Entered: 02/13/2019) |
| 02/13/2019 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by John Navarrete.. (Schubert, Kathryn) (Filed on 2/13/2019) (Entered: 02/13/2019) |
| 02/13/2019 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 5/22/2019. Initial Case Management Conference set for 5/29/2019 01:30 PM in Oakland, Courtroom 4, 3rd Floor. (jjbS, COURT STAFF) (Filed on 2/13/2019) (Entered: 02/14/2019)** |
| 02/14/2019 | 6 | Summons Issued as to Hill's Pet Nutrition, Inc. (jjbS, COURT STAFF) (Filed on 2/14/2019) (Entered: 02/14/2019) |
| 02/15/2019 | 7 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (ig, COURT STAFF) (Filed on 2/15/2019) (Entered: 02/15/2019) |
| 02/19/2019 | 8 | **ORDER REASSIGNING CASE. Case reassigned to Judge William Alsup for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras. Signed by Executive Committee on 2/19/2019. (Attachments: # 1 Notice of Eligibility for Video Recording)(jmlS, COURT STAFF) (Filed on 2/19/2019) (Entered: 02/19/2019)** |
| 02/20/2019 | 9 | MOTION to Relate Case filed by John Navarrete. (Attachments: # 1 Declaration of Kathryn Schubert in Support of Administrative Motion to Consider Whether Cases Should be Related, # 2 Proposed Order Granting Administrative Motion to Consider Whether Cases Should be Related)(Schubert, Kathryn) (Filed on 2/20/2019) (Entered: 02/20/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/20/2019 02:46:07 | | |
| **PACER Login:** | sr0167:2638775:0 | **Client Code:** hills |
| **Description:** | Docket Report | **Search Criteria:** 3:19-cv-00767-WHA |
| **Billable Pages:** | 2 | **Cost:** 0.20 |

SCHUBERT JONCKHEER & KOLBE LLP
ROBERT C. SCHUBERT (62684)
WILLEM F. JONCKHEER (178748)
KATHRYN Y. SCHUBERT (265803)
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:     (415) 788-4220
Facsimile:     (415) 788-0161

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JOHN NAVARRETE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HILL'S PET NUTRITION, INC.<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) Violations of the California Consumer Legal Remedies Act;<br>(3) Violations of the California False Advertising Law;<br>(3) Violations of Song-Beverly Consumer Warranty Act; and<br>(4) Violations of the California Unfair Competition Law;<br><br>DEMAND FOR JURY TRIAL |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**

Plaintiff John Navarrete ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge, information, and belief alleges as follows:

## NATURE OF THE ACTION

1.     Defendant Hill's Pet Nutrition, Inc. ("Defendant") is a large-scale manufacturer of pet nutrition products, including dog and cat food. Defendant markets, advertises, and warrants its dog food as fit for consumption by canines, with the precise balance of nutrients to meet the needs of pets, and free from defects. As alleged herein, Defendant's Recalled Products (defined below) were not fit for their stated and intended purpose.

2.     On or about January 31, 2019, Defendant recalled select canned dog food products because the products contained excessive amounts of vitamin D. Canine consumption of excessive amounts of vitamin D can lead to serious health issues, including vomiting, loss of appetite, increased thirst, increased urination, excessive drooling, weight loss, and joint issues. Prolonged and high exposure can lead to calcification of soft tissues such as kidneys, renal dysfunction, and cause death.

3.     On October 1, 2018, Plaintiff purchased Recalled Products for his German Sheppard, Goliath, from a PetSmart store located in Concord, California. Between October 2018 and January 2019, Plaintiff purchased additional Recalled Products for Goliath.

4.     Plaintiff fed the Recalled Products to Goliath daily until approximately January 2019, when Goliath started experiencing serious health issues, including vomiting and lethargy.

5.     This class action lawsuit is brought on behalf of Plaintiff and other similarly situated individuals who purchased the Recalled Products.

## PARTIES

6.     Plaintiff John Navarrete is, and at all times relevant hereto has been, a citizen of the state of California. On October 1, 2018, Plaintiff purchased Recalled Products from a PetSmart store in Concord, California. Between October 2018 and January 2019, Plaintiff purchased additional Recalled Products for Goliath. Prior to purchasing the Recalled Products, Plaintiff saw the nutritional claims and labels on the packaging, which he relied on in deciding to purchase the Recalled Products. At the time Plaintiff purchased and fed the Recalled Products to his dog, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    Plaintiff was unaware that the Recalled Products contained excessive amounts of vitamin D. Plaintiff

2    fed the Recalled Products to his dog between approximately October 2018 and January 2019. Plaintiff

3    would not have purchased the Recalled Products or fed the Recalled Products to his dog if Defendant

4    had disclosed that the Recalled Products contained excessive amounts of vitamin D.

5        7.    Defendant Hill's Pet Nutrition, Inc. is a Delaware corporation with its headquarters

6    and principal place of business located at 400 SW, Topeka, Kansas 66603. Defendant formulates,

7    manufactures, distributes, labels, markets, and advertises dry and canned food for dogs and cats, as

8    well as "treats." Defendant does business throughout the United States and the State of California,

9    including this District.

**JURISDICTION AND VENUE**

10

11       8.    This Court has original jurisdiction over this action pursuant to the Class Action

12   Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than

13   that of Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of

14   interest and costs.

15       9.    Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff suffered

16   injury as a result of Defendant's acts in this District, many of the acts and transactions giving rise to

17   this action occurred in this District, Defendant conducts substantial business in this District,

18   Defendant has intentionally availed itself of the laws and markets of this District, and Defendant is

19   subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

20

21       10.   A substantial part of the acts and events giving rise to the violations of law alleged

22   herein occurred in the County of Contra Costa, and as such, this action may be properly assigned to

23   the San Francisco / Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

**FACTUAL BACKGROUND**

24

25   **Defendant's Marketing of the Recalled Products**

26       11.   Defendant formulates, manufactures, distributes, labels, markets, and advertises dog

27   food throughout the United States, including California.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

12.     Defendant markets its dog food as nutritionally balanced, containing the optimal ingredients for a pet's health. Indeed, nutritionally balanced pet food is the cornerstone of Defendant's brand and encapsulated in Defendant's company vision, as set forth on Defendant's website:



**OUR VISION**

To make nutrition a cornerstone of veterinary medicine.

13.     The marketing material on Defendant's website emphasizes the importance of nutrition to pet health and longevity:



**Nutrition**
We firmly believe that the right nutrition is vital to pets living long, healthy lives.

14.     Defendant further advertises on its website that it "analyz[es] nutrient levels in each of our products."

15.     "Guided by science," Defendant represents on its website that it formulates its food with "precise balance so *your pet gets all the nutrients they need – and none they don't*."

**Everything they need in every bite**

Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

16.     Defendant also touts on its website that it is "the global leader in nutritional health care for companion animals, allowing us to provide the right formulas for precisely balanced nutrition that meets the wellness and therapeutic needs of pets worldwide."

17.     Defendant's marketing materials, available on its website, represent that its pet food contains the right nutrients *in the right quantities*:

**Precisely Balanced: The Right Nutrients in the Right Quantities**
While Hill's pet foods contain high-quality ingredients, our research proves that it's the proper balance of 50 nutrients supplied by those ingredients that is the key to optimal health for pets. Guided by our evidenced-based research, Hill's formulated its foods with a precise balance of these nutrients to meet the specific needs of pets associated with their lifestage, size or special needs.

18.     In fact, Defendant's own marketing materials, available on its website, warn of the dangers of excessive nutrient intake:

**The dangers of excessive or deficient nutrient intake**
Too much or too little of certain nutrients (as shown in the chart below) can impact the health and well-being of pets. In fact, a wide range of common disease conditions can be made worse or even caused by consistently feeding foods with an incorrect balance of nutrients.

19.     To ensure this proper nutrient intake, Defendant represents on its website that its pet food is subject to the highest safety standards.

20.     According to Defendant's website, Defendant's suppliers are subject to stringent quality standards, and each ingredient is examined to ensure safety as well as analyzed to ensure it contains an "ingredient profile for essential nutrients."



**2 INGREDIENT SUPPLY**
We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.

Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need.

21.     Defendant further represents on its website that it conducts quality systems audits for all manufacturing facilities:

**CLASS ACTION COMPLAINT**                    4



**③ PRODUCT MANUFACTURING**

We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves.

We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions.

22.     Additionally, Defendant warrants on its website that all finished products are "***tested for key nutrients prior to release***" to ensure the safety of its food:

**④ FINISHED PRODUCT**

We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.

Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag.



**The Recalled Products**

23.     On January 31, 2019, Defendant announced a recall of the following canned dog food products (the "Recalled Products") because they contained "potentially elevated levels of vitamin D":

| Product Name | SKU Number | Date Code / Lot Code |
|---|---|---|
| Hill's® Prescription Diet® c/d® Multicare Canine Chicken & Vegetable Stew 12.5oz | 3384 | 102020T10 102020T25 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 12.5oz | 3389 | 102020T04 102020T10 102020T19 102020T20 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 5.5oz | 3390 | 102020T11 112020T23 122020T07 |
| Hill's® Prescription Diet® z/d® Canine 5.5oz | 5403 | 102020T17 112020T22 |
| Hill's® Prescription Diet® g/d® Canine 13oz | 7006 | 112020T19 112020T20 |
| Hill's® Prescription Diet® i/d® Canine 13oz | 7008 | 092020T30 |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

| | | |
|---|---|---|
| | | 102020T07 102020T11 112020T22 112020T23 |
| Hill's® Prescription Diet® j/d® Canine 13oz | 7009 | 112020T20 |
| Hill's® Prescription Diet® k/d® Canine 13oz | 7010 | 102020T10 102020T11 |
| Hill's® Prescription Diet® w/d® Canine 13oz | 7017 | 092020T30 102020T11 102020T12 |
| Hill's® Prescription Diet® z/d® Canine 13oz | 7018 | 102020T04 112020T22 |
| Hill's® Prescription Diet® Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5oz | 10086 | 102020T05 102020T26 |
| Hill's® Prescription Diet® w/d® Canine Vegetable & Chicken Stew 12.5oz | 10129 | 102020T04 102020T21 |
| Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Vegetable & Chicken Stew 12.5oz | 10423 | 102020T17 102020T19 112020T04 |
| Hill's® Prescription Diet® Derm Defense® Canine Chicken & Vegetable Stew 12.5oz | 10509 | 102020T05 |
| Hill's® Science Diet® Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8oz | 4969 | 102020T18 |
| Hill's® Science Diet® Puppy Chicken & Barley Entrée 13oz | 7036 | 102020T12 |
| Hill's® Science Diet® Adult Chicken & Barley Entrée Dog Food 13oz | 7037 | 102020T13 102020T14 112020T23 112020T24 |
| Hill's® Science Diet® Adult Turkey & Barley Dog Food 13oz | 7038 | 102020T06 |
| Hill's® Science Diet® Adult Chicken & Beef Entrée Dog Food 13oz | 7040 | 102020T13 |
| Hill's® Science Diet® Adult Light with Liver Dog Food 13oz | 7048 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Chicken & Barley Entrée Dog Food 13oz | 7055 | 092020T31 102020T13 |
| Hill's® Science Diet® Adult 7+ Beef & Barley Entrée Dog Food 13oz | 7056 | 092020T31 112020T20 112020T24 |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**      6

| Hill's® Science Diet® Adult 7+ Turkey & Barley Entrée 13oz | 7057 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew dog food 12.5oz | 10452 | 102020T14 102020T21 |
| Hill's® Science Diet® Adult 7+ Youthful Vitality Chicken & Vegetable Stew dog food 12.5oz | 10763 | 102020T04 102020T05 112020T11 |

24.    Canine consumption of excessive amounts of vitamin D can lead to serious health issues, including vomiting, loss of appetite, increased thirst, increased urination, excessive drooling, weight loss, and joint issues. Prolonged and high exposure can lead to calcification of soft tissues such as kidneys, renal dysfunction, and cause death.

25.    Defendant reportedly learned of the excessive amounts of vitamin D contained in the Recalled Products following a complaint in the United States about a dog exhibiting signs of elevated vitamin D levels. According to Defendant, "[o]ur investigation confirmed elevated levels of vitamin D due to a supplier error."[1]

26.    Numerous pet owners have reported that their dogs became seriously ill and/or died following consumption of the Recalled Products.[2]

**Factual Allegations Related to Plaintiff Navarrete**

27.    On October 1, 2018, Plaintiff John Navarrete purchased twelve cans of Hill's Prescription Diet Digestive Care i/d Low Fat Rice, Vegetable & Chicken Stew 12.5oz from a PetSmart store located in Concord, California for Goliath, his German Sheppard. From October 2018 to approximately January 2019, Navarrete purchased additional cans of Hill's Prescription Diet Digestive Care i/d Low Fat Rice, Vegetable & Chicken Stew 12.5oz from PetSmart and fed the food to Goliath. The front of the can of Hill's Prescription Diet Digestive Care i/d Low Fat Rice, Vegetable & Chicken Stew 12.5oz includes the following language regarding the nutrition of the product: "CLINICIAL NUTRITION" and "THERAPEUTIC DOG NUTRITION."

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[1] https://www.fda.gov/safety/recalls/ucm630232.htm
[2] *See* https://www.usatoday.com/story/money/business/2019/02/05/dog-food-recall-hills-pet-nutrition-vitamin-d-levels-may-toxic/2775371002/

**CLASS ACTION COMPLAINT**                        7



28. The cans purchased by Navarrete contain SKU Number 10423 and Lot Code/Date Code 102020T19 and are thus included in the Recalled Products.



29. Navarrete purchased the Recalled Products following a consultation with a veterinary professional. The Recalled Products were prescribed for Goliath.

30. Based on Defendant's false and misleading claims, warranties, representations, advertisements, and other marketing, Navarrete believed the Recalled Products were nutritionally appropriate and contained the proper amounts of vitamins and nutritional content for his dog.

31. At the time Navarrete purchased and fed the Recalled Products to his dog, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Navarrete was unaware that the Recalled Products contained excessive amounts of vitamin D.

32.     Plaintiff fed the Recalled Products to his dog between October 2018 and January 2019.

33.     Beginning in or about late December 2018, Navarrete's dog became very ill and exhibited symptoms such as vomiting and lethargy. Navarrete took Goliath to a local emergency veterinary hospital, who assessed the severity of Goliath's health condition and referred him to UC Davis Veterinary Medical Teaching Hospital. As a result, Navarrete incurred substantial veterinary bills.

34.     The veterinarians who evaluated Goliath recommended that Navarrete put Goliath on a boiled chicken and white rice diet to ease his digestive upset. When Navarrete put Goliath on the boiled chicken and white rice diet, he stopped feeding Goliath the Recalled Products. Upon removing the Recalled Products, Navarrete noticed that Goliath's symptoms began to resolve.

35.     Navarrete would not have purchased the Recalled Products or fed the Recalled Products to Goliath if Defendant had disclosed that the Recalled Products contained excessive amounts of vitamin D.

36.     Prior to the recall, Defendant never warned Navarrete that the Recalled Foods could cause pets to have severe health problems (and, worse, potentially die).

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3) on behalf of himself and a class of similarly situated individuals defined as follows:

> All persons who purchased the Recalled Products in the State of California (the "Class").

38.     Within the Class, there is one subclass for purposes of Plaintiff's claims under the Song-Beverly Consumer Warranty Act and the Consumer Legal Remedies Act (the "Subclass"). The proposed Subclass is defined as follows:

> All Class Members who purchased the Recalled Products for personal, family, or household purposes.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

39.     Excluded from the Class and Subclass are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class and Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

40.     ***Numerosity Under Rule 23(a)(1).***  The Class and Subclass are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class and Subclass members in a single action will provide substantial benefits to the parties and the Court.

41.     ***Commonality Under Rule 23(a)(2).***  Common legal and factual questions exist that predominate over any questions affecting only individual Class and Subclass members.  These common questions, which do not vary among Class or Subclass members and which may be determined without reference to any Class or Subclass member's individual circumstances, include, but are not limited to:

a)      Whether Defendant owed a duty of care to the Class and Subclass;

b)      Whether Defendant knew or should have known that the Recalled Products contained excessive amounts of vitamin D;

c)      Whether Defendant advertised, represented, or marketed, or continues to advertise, represent, or market, Recalled Products as nutritious, healthy, and safe for canine consumption;

d)      Whether Defendant's representations and omissions in advertising and/or labelling are false, deceptive, and misleading;

e)      Whether Defendant's representations and omissions in advertising and/or labelling are likely to deceive a reasonable consumer;

f)      Whether Defendant had knowledge that its representations and omissions in advertising and/or labelling were false, deceptive, and misleading;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

g) Whether a representation that a product is nutritious, healthy, and safe for consumption coupled with omissions that the Recalled Products contained excessive amounts of vitamin D is material to a reasonable consumer;

h) Whether Defendant violated California Business & Professions Code sections 17200, *et seq.*;

i) Whether Defendant violated California Business & Professions Code sections 17500, *et seq.*;

j) Whether Defendant violated California Civil Code sections 1750, *et seq.*;

k) Whether Plaintiff and the members of the Class are entitled to actual, statutory, and punitive damages; and

l) Whether Plaintiff and members of the Class and Subclass are entitled to declaratory and injunctive relief.

42. ***Typicality Under Rule 23(a)(3).*** Plaintiff's claims are typical of the Class and Subclass members' claims. Defendant's course of conduct caused Plaintiff and the Class and Subclass members the same harm, damages, and losses as a result of Defendant's uniformly unlawful conduct. Likewise, Plaintiff and other Class and Subclass members must prove the same facts in order to establish the same claims.

43. ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an adequate representative of the Class and Subclass because he is a member of the Class and Subclass and his interests do not conflict with the interests of the Class or Subclass. Plaintiff has retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiff and his counsel intend to vigorously prosecute this action for the Class's and Subclass's benefit and have the resources to do so. Plaintiff and his counsel have no interests adverse to those of the other members of the Class or Subclass.

44. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class and Subclass member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Even if each

2   Class and Subclass member could afford individual litigation, the Court system could not. It would

3   be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents

4   the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse,

5   and the risk of an inequitable allocation of recovery among those individuals with equally meritorious

6   claims. Individual litigation would increase the expense and delay to all parties and the Courts

7   because it requires individual resolution of common legal and factual questions. By contrast, the

8   class action device presents far fewer management difficulties and provides the benefit of a single

9   adjudication, economies of scale, and comprehensive supervision by a single court.

10        45.    As a result of the foregoing, class treatment is appropriate.

## FIRST CLAIM FOR RELIEF
### Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, *et seq.*, Against Defendant on Behalf of the Subclass

14        46.    Plaintiff, individually and on behalf of the Subclass, incorporates by reference all of

15   the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set

16   forth herein.

17        47.    Plaintiff brings this claim individually and on behalf of the Subclass against

18   Defendant.

19        48.    Plaintiff and each proposed Subclass member is a "consumer," as that term is

20   defined in California Civil Code section 1761(d).

21        49.    The Recalled Products are "goods," as that term is defined in California Civil Code

22   section 1761(a).

23        50.    Defendant is a "person" as that term is defined in California Civil Code section

24   1761(c).

25        51.    Plaintiff and each proposed Subclass member's purchase of Defendant's Recalled

26   Products constituted a "transaction," as that term is defined in California Civil Code section

27   1761(e).

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

52.     Defendant's conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

        a)      Representing that goods have characteristics, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

        b)      Representing that goods are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7));

        c)      Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and

        d)      Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770 (a)(16)).

53.     In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

54.     Defendant had a duty to disclose to Plaintiff and the Subclass that the Recalled Products contained excessive and dangerous amounts of vitamin D for the following two independent reasons: (a) Defendant had exclusive knowledge of the information at the time of sale; and (b) Defendant made partial representations to Plaintiff and the Subclass regarding the safety, quality, and nutritional content of the Recalled Products.

55.     Defendant's misrepresentations and omissions alleged herein were likely to mislead an ordinary consumer. Plaintiff and the Subclass reasonably understood Defendant's representations and omissions to mean that the Recalled Products were safe, nutritious, and fit for canine consumption.

56.     Defendant's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

**CLASS ACTION COMPLAINT**                    13

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

57.    Plaintiff and members of the Subclass relied to their detriment on Defendant's misrepresentations and omissions in purchasing the Recalled Products.

58.    Plaintiff, on behalf of himself and the Subclass, demands judgment against Defendant under the CLRA for injunctive relief to Plaintiff and the Subclass.

59.    Plaintiff, on behalf of himself and the Subclass, further intends to seek compensatory damages.

60.    Pursuant to Cal. Civ. Code § 1782(a), Plaintiff will serve Defendant with notice of its alleged violations of the CLRA by certified mail return receipt requested.  If, within thirty days after the date of such notification, Defendant fails to provide appropriate relief for their violations of the CLRA, Plaintiff will amend this Class Action Complaint to seek monetary damages under the CLRA.

61.    Notwithstanding any other statements in this Class Action Complaint, Plaintiff does not seek monetary damages in connection with his CLRA claims – and will not do so – until the applicable thirty-day period has passed.

**SECOND CLAIM FOR RELIEF**
**Violations of California False Advertising Law, California Business & Professions Code §§17500, *et seq.*, Against Defendant on Behalf of the Class**

62.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

63.    California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

64.    Plaintiff, individually and on behalf of the Class, has standing to pursue this claim because Plaintiff suffered injury in fact and has lost money or property as a result of Defendant's actions set forth above.

65.    Defendant engaged in advertising and marketing to the public and offered for sale the Recalled Products in California.

66.    Defendant engaged in the advertising and marketing alleged herein with the intent to

directly or indirectly induce the sale of the Recalled Products to consumers like Plaintiff and members of the Class.

67.     Defendant's advertising and marketing representations regarding the Recalled Products were false, misleading, and deceptive within the definition, meaning and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

68.     Defendant's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

69.     Defendant's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

70.     At the time it made the misrepresentations and omissions alleged herein, Defendant knew or should have known that they were untrue or misleading and acted in violation of California Business & Professions Code §§ 17500, *et seq.*

71.     Unless restrained by this Court, Defendant will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq.*

72.     As a result of Defendant's conduct and actions, Plaintiff and each member of the Class has been injured, has lost money or property, and is entitled to relief. Plaintiff and the Class seek disgorgement, restitution, injunctive relieve, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

### THIRD CLAIM FOR RELIEF
**Violations of California Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790, *et seq.*, Against Defendant on Behalf of the Subclass**

73.     Plaintiff, individually and on behalf of the Subclass, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

74.     Plaintiff brings this claim individually and on behalf of the Subclass against

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Defendant.

75.     Plaintiff and the Subclass purchased Recalled Products formulated and manufactured by Defendant that were marketed as nutritious, healthy, safe, and appropriate for canine consumption.

76.     Plaintiff and the Subclass purchased the Recalled Products new and in their original packaging and did not alter the Recalled Products.

77.     At the time of purchase, Defendant was in the business of manufacturing and marketing pet foods, including the Recalled Products.

78.     Defendant's Recalled Products contained excessive and dangerous amounts of vitamin D. These excessive and dangerous amounts of vitamin D were present in the Recalled Products when they left the exclusive control of Defendant and therefore existed during the duration of the warranty period.

79.     Defendant's Recalled Products were not of the same quality as those generally acceptable in the trade; were not fit for the ordinary purpose of canine consumption; were not adequately contained, packaged, and labeled; and did not conform to the promises and facts stated on the container and label.

80.     Defendant, therefore, breached the implied warranty of merchantability, which by law is provided in every consumer agreement for the sale of goods, including the sale of the Recalled Products.

81.     As a direct and proximate cause of Defendant's breach of the implied warranty of merchantability, Plaintiff and the Subclass have been damaged by receiving an inferior and unsafe product from that which they were promised. Plaintiff and the Subclass, therefore, have the right to cancel and recover the purchase price of their Recalled Products.

**FOURTH CLAIM FOR RELIEF**
**Violations of the Unfair Competition Law, California Business & Professions Code §§**
**17200, *et seq.*, Against Defendant on Behalf of the Class**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

82.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

83.     California's Unfair Competition Law ("UCL") prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*]."

84.     Plaintiff and the Class have standing to pursue this claim because Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

85.     Defendant's actions and conduct as alleged in this Class Action Complaint constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Defendant violated California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*).

86.     Defendant's actions and conduct as alleged in this Class Action Complaint constitute an "unfair" practice within the definition, meaning, and construction of California's UCL because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. The harm caused by Defendant's wrongful conduct outweighs any utility of such conduct and has caused – will continue to cause – substantial injury to Plaintiff and the Class. Additionally, Defendant's conduct is "unfair" because it violated the legislatively declared policies in California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*).

87.     Defendant's actions as alleged in this Class Action Complaint constitute a "fraudulent" practice within the definition, meaning, and construction, of California's UCL because Defendant's statements that the Recalled Products were nutritious, healthy, safe, and appropriate for canine consumption are false and likely to deceive the public.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

88.    As a result of Defendant's "unlawful," "fraudulent," and "unfair" conduct, Plaintiff and members of the Class paid premium prices for the Recalled Products, which were worth substantially less than the products promised by Defendant, and Plaintiff and members of the Class did not obtain the characteristics and specifications of the Recalled Products promised by Defendant. Defendant's conduct directly and proximately caused Plaintiff and the Class actual monetary damages in the form of the price paid for the Recalled Products. The injuries, damages, and harm caused to Plaintiff and the Class by Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided. Defendant knew or had reason to know that Plaintiff and the Class could not have reasonably known or discovered the existence of excessive amounts of vitamin D in the Recalled Products. Had Defendant disclosed the excessive amounts of vitamin D in the Recalled Products, Plaintiff and the Class would not have purchased the Recalled Products.

89.    Defendant's wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendant markets and sells its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. In accordance with California Business & Professions Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices.

90.    Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys it has wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under the UCL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and the Subclass, requests that the Court order the following relief and enter judgment against Defendant as follows:

A.    an Order certifying the proposed Class and Subclass under Fed. R. Civ. Proc. 23 and appointing Plaintiff and his counsel to represent the Class;

B.    a declaration that Defendant engaged in the illegal conduct alleged herein in violation of Cal. Civ. Code §§ 1750, *et seq.* (Consumer Legal Remedies Act), Cal. Bus. & Prof.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT                    18

Code §§ 17500, *et seq.* (False Advertising Law), Cal. Civ. Code Cal. §§ 1790, *et seq.* (Song-Beverly Consumer Warranty Act), and Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law);

C.  an Order that Defendant be permanently enjoined from its improper activities and conduct described herein;

D.  a Judgment awarding Plaintiff and the Class restitution and disgorgement of all compensation obtained by Defendant from its wrongful conduct;

E.  a Judgment awarding Plaintiff and the Subclass compensatory damages pursuant to Cal. Civ. Code Cal. §§ 1790, *et seq.*, in an amount to be proven at trial;

F.  Prejudgment and post-judgment interest at the maximum allowable rate;

G.  an Order awarding Plaintiff and the Class their reasonable litigation expenses, costs, and attorneys' fees;

H.  an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

I.  an Order awarding such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims and issues so triable.

Dated: February 12, 2019                  SCHUBERT JONCKHEER & KOLBE LLP


                                          _____/s/ Kathryn Y. Schubert_____
                                          KATHRYN SCHUBERT

                                          ROBERT C. SCHUBERT (62684)
                                          WILLEM F. JONCKHEER (178748)
                                          KATHRYN Y. SCHUBERT (265803)
                                          Three Embarcadero Center, Suite 1650
                                          San Francisco, California 94111
                                          Telephone:     (415) 788-4220
                                          Facsimile:     (415) 788-0161
                                          E-mail: rschubert@sjk.law

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

wjonckheer@sjk.law
kschubert@sjk.law

*Attorneys for Plaintiff and the Putative Class*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220