**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:19-cv-00908**

Bauer et al v. Hill's Pet Nutrition, Inc.                    Date Filed: 02/20/2019
Assigned to:                                                 Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Other Contract                      Nature of Suit: 195 Contract Product
                                                             Liability
                                                             Jurisdiction: Diversity

**Plaintiff**

**Ann Bauer**                       represented by   **Kathryn Yvette Schubert**
                                                     Schubert Jonckheer and Kolbe LLP
                                                     Three Embarcadero Center
                                                     Suite 1650
                                                     San Francisco, CA 94111
                                                     415-788-4220
                                                     Email: kschubert@schubertlawfirm.com
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jill Cole**                       represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Forrest Cleveland**               represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yasser Daoudi**                   represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Guinen**                    represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendy Henry**                     represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kimberly Mull**                   represented by   **Kathryn Yvette Schubert**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lorie Pritchard**                    represented by **Kathryn Yvette Schubert**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Lynn Shanley**                       represented by **Kathryn Yvette Schubert**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Donna Lee Soltis**                   represented by **Kathryn Yvette Schubert**
                                       (See above for address)
                                       *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Hill's Pet Nutrition, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2019 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400, receipt number 0971-13105109.). Filed byWendy Henry, Forrest Cleveland, Kimberly Mull, Lynn Shanley, Jill Cole, Lorie Pritchard, Ann Bauer, Yasser Daoudi, Donna Lee Soltis, Karen Guinen. (Attachments: # 1 Declaration of Kathryn Schubert in Support of Class Action Complaint, # 2 Civil Cover Sheet)(Schubert, Kathryn) (Filed on 2/20/2019) (Entered: 02/20/2019) |
| 02/20/2019 | 2 | Proposed Summons. (Schubert, Kathryn) (Filed on 2/20/2019) (Entered: 02/20/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/20/2019 02:46:40 | | | |
| **PACER Login:** | sr0167:2638775:0 | **Client Code:** | hills |
| **Description:** | Docket Report | **Search Criteria:** | 3:19-cv-00908 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1   SCHUBERT JONCKHEER & KOLBE LLP
2   ROBERT C. SCHUBERT (62684)
    WILLEM F. JONCKHEER (178748)
3   KATHRYN Y. SCHUBERT (265803)
    Three Embarcadero Center, Suite 1650
4   San Francisco, California 94111
    Telephone:     (415) 788-4220
5   Facsimile:     (415) 788-0161
6
7   *[Additional Counsel Listed on Signature Page]*
8   *Attorneys for Plaintiffs and the Putative Class*
9

10              **UNITED STATES DISTRICT COURT**
11            **NORTHERN DISTRICT OF CALIFORNIA**
12          **SAN FRANCISCO / OAKLAND DIVISION**

13   ANN BAUER, JILL COLE, FORREST          Case No.
     CLEVELAND, YASSER DAOUDI, KAREN
14   GUINEN, WENDY HENRY, KIMBERLY          CLASS ACTION COMPLAINT
15   MULL, LORIE PRITCHARD, LYN
     SHANLEY, DONNA LEE SOLTIS,             DEMAND FOR JURY TRIAL
16   individually and on behalf of all others
     similarly situated,
17
18                   Plaintiffs,
19          v.
20
21   HILL'S PET NUTRITION, INC.
22                   Defendant.
23
24
25
26
27
28

CLASS ACTION COMPLAINT

Plaintiffs Ann Bauer, Jill Cole, Forrest Cleveland, Yasser Daoudi, Karen Guinen, Wendy Henry, Kimberly Mull, Lorie Pritchard, Lyn Shanley, Donna Lee Soltis ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge, information, and belief allege as follows:

## NATURE OF THE ACTION

1.      Defendant Hill's Pet Nutrition, Inc. ("Defendant") is a large-scale manufacturer of pet nutrition products, including dog and cat food. Defendant markets, advertises, and warrants its dog food as fit for consumption by canines, with the precise balance of nutrients to meet the needs of pets, and free from defects. As alleged herein, Defendant's Recalled Products (defined below) were not fit for their stated and intended purpose.

2.      On or about January 31, 2019, Defendant recalled select canned dog food products because the products contained excessive amounts of vitamin D. Canine consumption of excessive amounts of vitamin D can lead to serious health issues, including vomiting, loss of appetite, increased thirst, increased urination, excessive drooling, weight loss, and joint issues. Prolonged and high exposure can lead to calcification of soft tissues such as kidneys, renal dysfunction, and cause death. Defendant updated its list of recalled products on or about February 8, 2019.

3.      Plaintiffs purchased Recalled Products for their dogs and fed the Recalled Products to their dogs, believing that the Recalled Products were nutritious, safe, and fit for canine consumption, when, in fact, the Recalled Products were not fit for canine consumption.

4.      This class action lawsuit is brought on behalf of Plaintiffs and other similarly situated individuals who purchased the Recalled Products. Plaintiffs herein seek relief under the consumer protection laws of California, Florida, Iowa, Michigan, New York, Ohio, and Pennsylvania.

## PARTIES

5.      Plaintiff Ann Bauer ("Bauer") is a citizen of California and resident of Mill Valley, California. Bauer purchased Recalled Products for her dog. After consuming the Recalled Products, Bauer's dog became ill and presented with symptoms consistent with vitamin D poisoning, including vomiting, diarrhea, increased thirst, increased urination, weight loss, and tremors. Bauer incurred veterinary bills related to these symptoms of approximately $1000. At the time Bauer purchased and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

fed the Recalled Products to her dog, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Bauer was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Bauer would not have purchased the Recalled Products or fed the Recalled Products to her dog if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D.

6.     Plaintiff Jill Cole ("Cole") is a citizen of Florida. Cole purchased Recalled Products "Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5oz" and "Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5oz" for her Yorkie, Louie.  Cole was not notified of the recall and did not become aware of the recall until on or about February 15, 2019. Unaware of the recall, Cole fed the Recalled Products to Louie on February 13, 2019. After consuming the Recalled Products, Louie became severely ill and presented with symptoms consistent with vitamin D poisoning, including vomiting. Cole took Louie to the emergency veterinarian, where she was advised that Louie should be euthanized. Louie was euthanized on February 13, 2019. Cole incurred veterinary bills related to this incident of approximately $1500. At the time Cole purchased and fed the Recalled Products to Louie, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Cole was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Cole would not have purchased the Recalled Products or fed the Recalled Products to Louie if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D.

7.     Plaintiff Forrest Cleveland ("Cleveland") is a citizen of California. Cleveland purchased Recalled Product "Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13oz" for his two dogs: Maggie, a Beagle, and Mocha, a Chihuahua. After consuming the Recalled Products, Maggie became ill on or about October 2018. Maggie presented with symptoms consistent with vitamin D poisoning, including vomiting, drooling, and tremors. Maggie was taken to an emergency veterinarian who provided her with fluids for dehydration. Maggie received follow-up veterinary care with her primary veterinarian, who prescribed medication to address Maggie's symptoms. Cleveland incurred veterinary bills related to this illness of approximately $700. At the time Cleveland purchased and fed the Recalled Products to Maggie and Mocha, due to the false and misleading

claims, warranties, representations, advertisements, and other marketing by Defendant, Cleveland was unaware that the Recalled Products contained excessive amounts of vitamin D. Cleveland would not have purchased the Recalled Products or fed the Recalled Products to Maggie and Mocha if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D. Photos of one of the Recalled Products purchased by Cleveland, as well as a photo of Maggie and Mocha, are included below.

 

8.    Plaintiff Yasser Daoudi ("Daoudi") is a citizen of Ohio. Daoudi purchased Recalled Product "Hill's Science Diet Puppy Chicken & Barley Entrée 13oz" for his Golden Retriever, Charlie. After consuming the Recalled Products, Charlie became ill on or about January 24, 2019. Charlie presented with symptoms consistent with vitamin D poisoning, including vomiting, excessive urination, loss of appetite, increased thirst, lethargy, and difficulty breathing. Charlie's symptoms persisted until January 28, 2019, when Charlie died. Between January 25, 2019 and January 28, 2019, Daoudi consulted several veterinary specialists, including an emergency veterinarian, Charlie's primary veterinarian, and a veterinary cardiologist. Daoudi incurred veterinary bills related to these visits of approximately $2000. At the time Daoudi purchased and fed the Recalled Products to Charlie, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Daoudi was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Daoudi would not have purchased the Recalled Products or fed the Recalled Products to Charlie if Defendant had disclosed that the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**      **3**

1    Recalled Products contained excessive and dangerous amounts of vitamin D. A photo of Charlie is

2    included below.



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

8    9.    Plaintiff Karen Guinen ("Guinen") is a citizen of Massachusetts. Guinen purchased

9    Recalled Product "Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5oz"

10   for her Terrier mix, Bandit. After consuming the Recalled Products, Bandit became ill in or about

11   December 2018. Bandit presented with symptoms consistent with vitamin D poisoning, including

12   lethargy, excessive thirst, decreased appetite, and muscle tremors. Guinen discontinued feeding

13   Bandit the Recalled Products after learning of Defendant's recall. At the time Guinen purchased and

14   fed the Recalled Products to Bandit, due to the false and misleading claims, warranties,

15   representations, advertisements, and other marketing by Defendant, Guinen was unaware that the

16   Recalled Products contained excessive and dangerous amounts of vitamin D. Guinen would not have

17   purchased the Recalled Products or fed the Recalled Products to Bandit if Defendant had disclosed

18   that the Recalled Products contained excessive and dangerous amounts of vitamin D. Photos of one

19   of the Recalled Products purchased by Guinen, as well as a photo of Bandit, are included below.

  

**CLASS ACTION COMPLAINT**                4

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

10.     Plaintiff Wendy Henry ("Henry") is a citizen of Pennsylvania. Henry purchased Recalled Products "Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13oz" and "Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13oz" for her Shih Tzu Poodle mix, Loui. After consuming the Recalled Products, Loui presented with symptoms consistent with vitamin D poisoning, including increased urination. At the time Henry purchased and fed the Recalled Products to Loui, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Henry was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Henry would not have purchased the Recalled Products or fed the Recalled Products to Loui if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D.

11.     Plaintiff Kimberly Mull ("Mull") is a citizen of California. Mull purchased Recalled Product "Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5oz" for her Bichon mix, Precious. Mull began feeding the Recalled Products to Precious in or about early January 2019. Approximately three weeks after consuming the Recalled Products, Precious became severely ill and presented with symptoms consistent with vitamin D poisoning, including kidney failure.  Precious died in late January 2019. At the time Mull purchased and fed the Recalled Products to Precious, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Mull was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Mull would not have purchased the Recalled Products or fed the Recalled Products to Precious if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D.

12.     Plaintiff Lorie Pritchard ("Pritchard") is a citizen of Iowa. Pritchard purchased Recalled Products "Hill's Science Diet Adult Light with Liver Dog Food 13oz" and "Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13oz" for her two Papillons, Joni and Chachi. After consuming the Recalled Products in or about October 2018, Chachi became severely ill and presented with symptoms consistent with vitamin D poisoning. He tried vomiting but he was unable to do so, his breathing sounded like a whistle, he had runny stools, pink saliva, and he fell over seizing. Chachi died shortly after the symptoms first presented. Joni also became ill after consuming the Recalled

Products. In or around November 2018, Joni presented with symptoms consistent with vitamin D poisoning, including vomiting, increased thirst, increased urination, and weight loss. In addition, Joni experienced seizures and could not walk without falling down. Joni was taken to her primary veterinarian, where she was diagnosed with kidney and liver failure. Pritchard incurred veterinary bills related to this diagnosis of approximately $510. At the time Pritchard purchased and fed the Recalled Products to Joni and Chachi, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Pritchard was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Pritchard would not have purchased the Recalled Products or fed the Recalled Products to Joni and Chachi if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D. A photo of Chachi is included below.



13.     Plaintiff Lyn Shanley ("Shanley") is a citizen of New York. Shanley purchased Recalled Product "Hill's Prescription Diet w/d Canine 13oz" for her Schnoodle, Derby. After consuming the Recalled Products, Derby became severely ill and presented with symptoms consistent with vitamin D poisoning, including vomiting, diarrhea, and loss of appetite. Derby lost nearly half of her body weight in the last two months of her life. Derby was euthanized in or about September 2018. Shanley's veterinary bills for treatment during the last two months of Derby's life exceed $4000. At the time Shanley purchased and fed the Recalled Products to Derby, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Shanley was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Shanley would not have purchased the Recalled Products or fed the Recalled Products to Derby if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D. A photo of Derby is included below.



14.    Plaintiff Donna Lee Soltis ("Soltis") is a citizen of Michigan. Soltis purchased Recalled Product "Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13oz" for her two Yorkshire Terriers. After consuming the Recalled Products, both of Soltis' dogs became severely ill and presented with symptoms consistent with vitamin D poisoning, including kidney failure. Both of Soltis' dogs died from kidney failure after consuming the Recalled Products.  At the time Soltis purchased and fed the Recalled Products to her dogs, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Soltis was unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D. Soltis would not have purchased the Recalled Products or fed the Recalled Products to her dogs if Defendant had disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D.

15.    Defendant Hill's Pet Nutrition, Inc. is a Delaware corporation with its headquarters and principal place of business located at 400 SW, Topeka, Kansas 66603. Defendant formulates, manufactures, distributes, labels, markets, and advertises dry and canned food for dogs and cats, as well as "treats." Defendant does business throughout the United States and the State of California, including this District.

## JURISDICTION AND VENUE

16.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

that of Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

17.     Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff Bauer suffered injury as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, Defendant conducts substantial business in this District, Defendant has intentionally availed itself of the laws and markets of this District, and Defendant is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

18.     A substantial part of the acts and events giving rise to the violations of law alleged herein occurred in the County of Marin, and as such, this action may be properly assigned to the San Francisco / Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

## FACTUAL BACKGROUND

**Defendant's Marketing of the Recalled Products**

19.     Defendant formulates, manufactures, distributes, labels, markets, and advertises dog food throughout the United States, including California.

20.     Defendant markets its dog food as nutritionally balanced, containing the optimal ingredients for a pet's health. Indeed, nutritionally balanced pet food is the cornerstone of Defendant's brand and encapsulated in Defendant's company vision, as set forth on Defendant's website:



OUR VISION

To make nutrition a cornerstone of veterinary medicine.

21.     The marketing material on Defendant's website emphasizes the importance of nutrition to pet health and longevity:



**Nutrition**
We firmly believe that the right nutrition is vital to pets living long, healthy lives.

22.     Defendant further advertises on its website that it "analyz[es] nutrient levels in each of our products."

23.     "Guided by science," Defendant represents on its website that it formulates its food with "precise balance so ***your pet gets all the nutrients they need – and none they don't***."

**Everything they need in every bite**

Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't.

24.     Defendant also touts on its website that it is "the global leader in nutritional health care for companion animals, allowing us to provide the right formulas for precisely balanced nutrition that meets the wellness and therapeutic needs of pets worldwide."

25.     Defendant's marketing materials, available on its website, represent that its pet food contains the right nutrients ***in the right quantities***:

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**          **9**

**Precisely Balanced: The Right Nutrients in the Right Quantities**

While Hill's pet foods contain high-quality ingredients, our research proves that it's the proper balance of 50 nutrients supplied by those ingredients that is the key to optimal health for pets. Guided by our evidenced-based research, Hill's formulated its foods with a precise balance of these nutrients to meet the specific needs of pets associated with their lifestage, size or special needs.

26.     In fact, Defendant's own marketing materials, available on its website, warn of the dangers of excessive nutrient intake:

**The dangers of excessive or deficient nutrient intake**

Too much or too little of certain nutrients (as shown in the chart below) can impact the health and well-being of pets. In fact, a wide range of common disease conditions can be made worse or even caused by consistently feeding foods with an incorrect balance of nutrients.

27.     To ensure this proper nutrient intake, Defendant represents on its website that its pet food is subject to the highest safety standards.

28.     According to Defendant's website, Defendant's suppliers are subject to stringent quality standards, and each ingredient is examined to ensure safety as well as analyzed to ensure it contains an "ingredient profile for essential nutrients."



**INGREDIENT SUPPLY**

We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.

Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need.

29.     Defendant further represents on its website that it conducts quality systems audits for all manufacturing facilities:



**PRODUCT MANUFACTURING**

We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves.

We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**                    10

30.     Additionally, Defendant warrants on its website that all finished products are "***tested for key nutrients prior to release***" to ensure the safety of its food:



**FINISHED PRODUCT**

We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.

Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag.

**The Recalled Products**

31.     On January 31, 2019, Defendant announced a recall of certain of its canned dog food products because they contained "potentially elevated levels of vitamin D." An updated list of recalled products was published on Defendant's website on February 8, 2019, and includes the following canned dog foods (the "Recalled Products"):

| Product Name | SKU Number | Date Code / Lot Code |
|---|---|---|
| Hill's® Prescription Diet® c/d® Multicare Canine Chicken & Vegetable Stew 12.5oz | 3384 | 102020T10 102020T25 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 12.5oz | 3389 | 102020T04 102020T10 102020T19 102020T20 |
| Hill's® Prescription Diet® i/d® Canine Chicken & Vegetable Stew 5.5oz | 3390 | 102020T11 112020T23 122020T07 |
| Hill's® Prescription Diet® z/d® Canine 5.5oz | 5403 | 102020T17 112020T22 |
| Hill's® Prescription Diet® g/d® Canine 13oz | 7006 | 112020T19 112020T20 |
| Hill's® Prescription Diet® i/d® Canine 13oz | 7008 | 092020T30 102020T07 102020T11 112020T22 112020T23 |
| Hill's® Prescription Diet® j/d® Canine 13oz | 7009 | 112020T20 |
| Hill's® Prescription Diet® k/d® Canine 13oz | 7010 | 102020T10 |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

| | | |
|---|---|---|
| | | 102020T11 |
| Hill's® Prescription Diet® w/d® Canine 13oz | 7017 | 092020T30<br>102020T11<br>102020T12 |
| Hill's® Prescription Diet® z/d® Canine 13oz | 7018 | 102020T04<br>112020T22 |
| Hill's® Prescription Diet® Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5oz | 10086 | 102020T05<br>102020T26 |
| Hill's® Prescription Diet® w/d® Canine Vegetable & Chicken Stew 12.5oz | 10129 | 102020T04<br>102020T21 |
| Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Vegetable & Chicken Stew 12.5oz | 10423 | 102020T17<br>102020T19<br>112020T04 |
| Hill's® Prescription Diet® Derm Defense® Canine Chicken & Vegetable Stew 12.5oz | 10509 | 102020T05 |
| Hill's® Science Diet® Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8oz | 4969 | 102020T18 |
| Hill's® Science Diet® Puppy Chicken & Barley Entrée 13oz | 7036 | 102020T12 |
| Hill's® Science Diet® Adult Chicken & Barley Entrée Dog Food 13oz | 7037 | 102020T13<br>102020T14<br>112020T23<br>112020T24 |
| Hill's® Science Diet® Adult Turkey & Barley Dog Food 13oz | 7038 | 102020T06 |
| Hill's® Science Diet® Adult Chicken & Beef Entrée Dog Food 13oz | 7040 | 102020T13 |
| Hill's® Science Diet® Adult Light with Liver Dog Food 13oz | 7048 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Chicken & Barley Entrée Dog Food 13oz | 7055 | 092020T31<br>102020T13 |
| Hill's® Science Diet® Adult 7+ Beef & Barley Entrée Dog Food 13oz | 7056 | 092020T31<br>112020T20<br>112020T24 |
| Hill's® Science Diet® Adult 7+ Turkey & Barley Entrée 13oz | 7057 | 112020T19 |
| Hill's® Science Diet® Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew dog food 12.5oz | 10452 | 102020T14<br>102020T21 |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**      12

| Hill's® Science Diet® Adult 7+ Youthful Vitality Chicken & Vegetable Stew dog food 12.5oz | 10763 | 102020T04 102020T05 112020T11 |
|---|---|---|

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

32.     Canine consumption of excessive amounts of vitamin D can lead to serious health issues, including vomiting, loss of appetite, increased thirst, increased urination, excessive drooling, weight loss, and joint issues. Prolonged and high exposure can lead to calcification of soft tissues such as kidneys, renal dysfunction, and cause death.

33.     Defendant reportedly learned of the excessive amounts of vitamin D contained in the Recalled Products following a complaint in the United States about a dog exhibiting signs of elevated vitamin D levels. According to Defendant, "[o]ur investigation confirmed elevated levels of vitamin D due to a supplier error."[1]

34.     Numerous pet owners have reported that their dogs became seriously ill and/or died following consumption of the Recalled Products.[2]

**Factual Allegations Related to Plaintiffs**

35.     Each Plaintiff purchased the Recalled Products and each Plaintiff fed the Recalled Products to his or her dog(s).

36.     Based on Defendant's false and misleading claims, warranties, representations, advertisements, and other marketing, Plaintiffs believed the Recalled Products were nutritionally appropriate and contained the proper amounts of vitamins and nutritional content for their dogs.

37.     At the time Plaintiffs purchased and fed the Recalled Products to their dogs, due to the false and misleading claims, warranties, representations, advertisements, and other marketing by Defendant, Plaintiffs were unaware that the Recalled Products contained excessive and dangerous amounts of vitamin D.

38.     Plaintiff Bauer purchased Recalled Products for her dog. After consuming the Recalled Products, Bauer's dog became ill and presented with symptoms consistent with vitamin D

---

[1] https://www.fda.gov/safety/recalls/ucm630232.htm
[2] *See* https://www.usatoday.com/story/money/business/2019/02/05/dog-food-recall-hills-pet-nutrition-vitamin-d-levels-may-toxic/2775371002/

poisoning, including vomiting, diarrhea, increased thirst, increased urination, weight loss, and tremors. Bauer incurred veterinary bills related to these symptoms of approximately $1000.

39.      Plaintiff Cole purchased Recalled Products "Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5oz" and "Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5oz" for her Yorkie, Louie. Cole was not notified of the recall and did not become aware of the recall until on or about February 15, 2019. Unaware of the recall, Cole fed the Recalled Products to Louie on February 13, 2019. After consuming the Recalled Products, Louie became severely ill and presented with symptoms consistent with vitamin D poisoning, including vomiting. Cole took Louie to the emergency veterinarian, where she was advised that Louie should be euthanized. Louie was euthanized on February 13, 2019. Cole incurred veterinary bills related to this incident of approximately $1500.

40.      Plaintiff Cleveland purchased Recalled Product "Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13oz" for his two dogs: Maggie, a Beagle, and Mocha, a Chihuahua. After consuming the Recalled Products, Maggie became ill on or about October 2018. Maggie presented with symptoms consistent with vitamin D poisoning, including vomiting, drooling, and tremors. Maggie was taken to an emergency veterinarian who provided her with fluids for dehydration. Maggie received follow-up veterinary care with her primary veterinarian, who prescribed medication to address Maggie's symptoms. Cleveland incurred veterinary bills related to this illness of approximately $700.

41.      Plaintiff Daoudi purchased Recalled Product "Hill's Science Diet Puppy Chicken & Barley Entrée 13oz" for his Golden Retriever, Charlie. After consuming the Recalled Products, Charlie became ill on or about January 24, 2019. Charlie presented with symptoms consistent with vitamin D poisoning, including vomiting, excessive urination, loss of appetite, increased thirst, lethargy, and difficulty breathing. Charlie's symptoms persisted until January 28, 2019, when Charlie died. Between January 25, 2019 and January 28, 2019, Daoudi consulted several veterinary specialists, including an emergency veterinarian, Charlie's primary veterinarian, and a veterinary cardiologist. Daoudi incurred veterinary bills related to these visits of approximately $2000.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

42.    Plaintiff Guinen purchased Recalled Product "Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5oz" for her Terrier mix, Bandit. After consuming the Recalled Products, Bandit became ill in or about December 2018. Bandit presented with symptoms consistent with vitamin D poisoning, including lethargy, excessive thirst, decreased appetite, and muscle tremors.

43.    Plaintiff Henry purchased Recalled Products "Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13oz" and "Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13oz" for her Shih Tzu Poodle mix, Loui. After consuming the Recalled Products, Loui presented with symptoms consistent with vitamin D poisoning, including increased urination.

44.    Plaintiff Mull purchased Recalled Product "Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5oz" for her bichon mix, Precious. Mull began feeding the Recalled Products to Precious in or about early January 2019. Approximately three weeks after consuming the Recalled Products, Precious became severely ill and presented with symptoms consistent with vitamin D poisoning, including kidney failure.  Precious died in late January 2019.

45.    Plaintiff Pritchard purchased Recalled Products "Hill's Science Diet Adult Light with Liver Dog Food 13oz" and "Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13oz" for her two Papillons, Joni and Chachi. After consuming the Recalled Products in or about October 2018, Chachi became severely ill and presented with symptoms consistent with vitamin D poisoning. He tried vomiting but he was unable to do so, his breathing sounded like a whistle, he had runny stools, pink saliva, and he fell over seizing. Chachi died shortly after the symptoms first presented. Joni also became ill after consuming the Recalled Products. In or around November 2018, Joni presented with symptoms consistent with vitamin D poisoning, including vomiting, increased thirst, increased urination, and weight loss. In addition, Joni experienced seizures and could not walk without falling down. Joni was taken to her primary veterinarian, where she was diagnosed with kidney and liver failure. Pritchard incurred veterinary bills related to this diagnosis of approximately $510.

46.    Plaintiff Shanley purchased Recalled Product "Hill's Prescription Diet w/d Canine 13oz" for her Schnoodle, Derby. After consuming the Recalled Products, Derby became severely ill

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   and presented with symptoms consistent with vitamin D poisoning, including vomiting, diarrhea,

2   and loss of appetite. Derby lost nearly half of her body weight in the last two months of her life. Derby

3   was euthanized in or about September 2018. Shanley's veterinary bills for treatment during the last

4   two months of Derby's life exceed $4000.

5         47.    Plaintiff Soltis purchased Recalled Product "Hill's Science Diet Adult 7+ Beef &

6   Barley Entrée Dog Food 13oz" for her two Yorkshire Terriers. After consuming the Recalled

7   Products, both of Soltis' dogs became severely ill and presented with symptoms consistent with

8   vitamin D poisoning, including kidney failure. Both of Soltis' dogs died from kidney failure after

9   consuming the Recalled Products.

10         48.    Plaintiffs would not have purchased the Recalled Products or fed the Recalled

11   Products to their dogs if Defendant had disclosed that the Recalled Products contained excessive and

12   dangerous amounts of vitamin D.

13         49.    Prior to the recall, Defendant never warned Plaintiffs that the Recalled Foods could

14   cause pets to have severe health problems (and, worse, potentially die).

15   **CLASS ACTION ALLEGATIONS**

16         50.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedures 23(b)(2) and

17   23(b)(3) on behalf of themselves and proposed classes defined as follows:

18
19           All persons in the United States who purchased the Recalled Products (the
               "Nationwide Class")

20
21         51.    Within the Nationwide Class, there are six Subclasses defined as follows:

22           All persons in the State of California who purchased the Recalled Products (the
23           "California Class")

        All persons in the State of Florida who purchased the Recalled Products (the "Florida
24           Class")

25           All persons in the State of Michigan who purchased the Recalled Products (the
               "Michigan Class")
26
27           All persons in the State of New York who purchased the Recalled Products (the
               "New York Class")

28           All persons in the State of Ohio who purchased the Recalled Products (the "Ohio
               Class")

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

All persons in the State of Pennsylvania who purchased the Recalled Products (the "Pennsylvania Class")

52.     Within the California Class, there is one subclass for purposes of Plaintiff's claims under the Song-Beverly Consumer Warranty Act and the Consumer Legal Remedies Act (the "California Subclass"). The proposed California Subclass is defined as follows:

All persons in the State of California who purchased the Recalled Products for personal, family, or household purposes.

53.     Excluded from the Nationwide Class and Subclasses are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Nationwide Class and Subclasses are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

54.     ***Numerosity Under Rule 23(a)(1).***  The Nationwide Class and Subclasses are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Nationwide Class and Subclass members in a single action will provide substantial benefits to the parties and the Court.

55.     ***Commonality Under Rule 23(a)(2).***  Common legal and factual questions exist that predominate over any questions affecting only individual Nationwide Class and Subclass members. These common questions, which do not vary among Nationwide Class or Subclass members and which may be determined without reference to any Nationwide Class or Subclass member's individual circumstances, include, but are not limited to:

a)     Whether Defendant owed a duty of care to the Nationwide Class and Subclass;

b) Whether Defendant knew or should have known that the Recalled Products contained excessive amounts of vitamin D;

c) Whether Defendant advertised, represented, or marketed, or continues to advertise, represent, or market, Recalled Products as nutritious, healthy, and safe for canine consumption;

d) Whether Defendant's representations and omissions in advertising and/or labelling are false, deceptive, and misleading;

e) Whether Defendant's representations and omissions in advertising and/or labelling are likely to deceive a reasonable consumer;

f) Whether Defendant had knowledge that its representations and omissions in advertising and/or labelling were false, deceptive, and misleading;

g) Whether a representation that a product is nutritious, healthy, and safe for consumption coupled with omissions that the Recalled Products contained excessive amounts of vitamin D is material to a reasonable consumer;

h) Whether Defendant engaged in unlawful, fraudulent, or unfair business practices;

i) Whether Plaintiffs and the members of the Nationwide Class or Subclasses have been damaged by the wrongs alleged are entitled to actual, statutory, and punitive damages; and

j) Whether Plaintiffs and members of the Nationwide Class and Subclasses are entitled to declaratory and injunctive relief.

56. ***Typicality Under Rule 23(a)(3).*** Plaintiffs' claims are typical of the Nationwide Class and Subclass members' claims. Defendant's course of conduct caused Plaintiffs and the Nationwide Class and Subclass members the same harm, damages, and losses as a result of Defendant's uniformly unlawful conduct. Likewise, Plaintiffs and other Nationwide Class and Subclass members must prove the same facts in order to establish the same claims.

57. ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiffs are adequate Nationwide Class and Subclass representatives because they are Nationwide Class and Subclass members, and their interests do not conflict with the interests of the Nationwide Class or Subclass.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Plaintiffs have retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Nationwide Class and Subclasses' benefit and have the resources to do so. Plaintiffs and their counsel have no interests adverse to those of the other members of the Nationwide Class or Subclasses.

58. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Nationwide Class and Subclass member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Nationwide Class and Subclasses will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Even if each Nationwide Class and Subclass member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

59. As a result of the foregoing, class treatment is appropriate.

**FIRST CLAIM FOR RELIEF**
**Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, *et seq.*, Against Defendant on Behalf of Plaintiffs Bauer, Cleveland, and Mull**
**and the California Subclass**

60. Plaintiffs Bauer, Cleveland, and Mull, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

61. Plaintiffs Bauer, Cleveland, and Mull bring this claim individually and on behalf of the California Subclass against Defendant.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

62. Plaintiffs Bauer, Cleveland, and Mull and each proposed California Subclass member is a "consumer," as that term is defined in California Civil Code section 1761(d).

63. The Recalled Products are "goods," as that term is defined in California Civil Code section 1761(a).

64. Defendant is a "person" as that term is defined in California Civil Code section 1761(c).

65. Plaintiffs Bauer, Cleveland, and Mull and each proposed California Subclass member's purchase of Defendant's Recalled Products constituted a "transaction," as that term is defined in California Civil Code section 1761(e).

66. Defendant's conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

a) Representing that goods have characteristics, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b) Representing that goods are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7));

c) Advertising goods with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and

d) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770 (a)(16)).

67. In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

68. Defendant had a duty to disclose to Plaintiffs Bauer, Cleveland, and Mull and the California Subclass that the Recalled Products contained excessive and dangerous amounts of vitamin D for the following two independent reasons: (a) Defendant had exclusive knowledge of the information at the time of sale; and (b) Defendant made partial representations to Plaintiffs Bauer,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Cleveland, and Mull and the California Subclass regarding the safety, quality, and nutritional content of the Recalled Products.

69.     Defendant's misrepresentations and omissions alleged herein were likely to mislead an ordinary consumer. Plaintiffs Bauer, Cleveland, and Mull and the California Subclass reasonably understood Defendant's representations and omissions to mean that the Recalled Products were safe, nutritious, and fit for canine consumption.

70.     Defendant's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

71.     Plaintiffs Bauer, Cleveland, and Mull and members of the California Subclass relied to their detriment on Defendant's misrepresentations and omissions in purchasing the Recalled Products.

72.     Plaintiffs Bauer, Cleveland, and Mull, on behalf of themselves and the California Subclass, demand judgment against Defendant under the CLRA for injunctive relief to Plaintiffs Bauer, Cleveland, and Mull and the California Subclass.

73.     Plaintiffs Bauer, Cleveland, and Mull, on behalf of themselves and the California Subclass, further intend to seek compensatory damages.

74.     Pursuant to Cal. Civ. Code § 1782(a), Plaintiffs Bauer, Cleveland, and Mull will serve Defendant with notice of its alleged violations of the CLRA by certified mail return receipt requested.  If, within thirty days after the date of such notification, Defendant fails to provide appropriate relief for their violations of the CLRA, Plaintiffs Bauer, Cleveland, and Mull will amend this Class Action Complaint to seek monetary damages under the CLRA.

75.     Notwithstanding any other statements in this Class Action Complaint, Plaintiffs Bauer, Cleveland, and Mull do not seek monetary damages in connection with their CLRA claims – and will not do so – until the applicable thirty-day period has passed.

**SECOND CLAIM FOR RELIEF**
**Violations of California False Advertising Law, California Business & Professions Code §§17500, *et seq.*, Against Defendant on Behalf Plaintiffs Bauer, Cleveland, and Mull And the California Class**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

76. Plaintiffs Bauer, Cleveland, and Mull, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

77. California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

78. Plaintiffs Bauer, Cleveland, and Mull, individually and on behalf of the California Class, have standing to pursue this claim because Plaintiffs Bauer, Cleveland, and Mull suffered injury in fact and have lost money or property as a result of Defendant's actions set forth above.

79. Defendant engaged in advertising and marketing to the public and offered for sale the Recalled Products in California.

80. Defendant engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of the Recalled Products to consumers like Plaintiffs Bauer, Cleveland, and Mull and members of the California Class.

81. Defendant's advertising and marketing representations regarding the Recalled Products were false, misleading, and deceptive within the definition, meaning and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

82. Defendant's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

83. Defendant's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

84. At the time it made the misrepresentations and omissions alleged herein, Defendant knew or should have known that they were untrue or misleading and acted in violation of California Business & Professions Code §§ 17500, *et seq.*

85. Unless restrained by this Court, Defendant will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq.*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

86. As a result of Defendant's conduct and actions, Plaintiffs Bauer, Cleveland, and Mull and each member of the California Class have been injured, has lost money or property, and is entitled to relief. Plaintiffs Bauer, Cleveland, and Mull and the California Class seek disgorgement, restitution, injunctive relieve, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

### THIRD CLAIM FOR RELIEF
**Violations of California Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790, *et seq.*, Against Defendant on Behalf of Plaintiffs Bauer, Cleveland, and Mull and the California Subclass**

87. Plaintiffs Bauer, Cleveland, and Mull, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

88. Plaintiffs Bauer, Cleveland, and Mull bring this claim individually and on behalf of the California Subclass against Defendant.

89. Plaintiffs Bauer, Cleveland, and Mull and the California Subclass purchased Recalled Products formulated and manufactured by Defendant that were marketed as nutritious, healthy, safe, and appropriate for canine consumption.

90. Plaintiffs Bauer, Cleveland, and Mull and the California Subclass purchased the Recalled Products new and in their original packaging and did not alter the Recalled Products.

91. At the time of purchase, Defendant was in the business of manufacturing and marketing pet foods, including the Recalled Products.

92. Defendant's Recalled Products contained excessive and dangerous amounts of vitamin D. These excessive and dangerous amounts of vitamin D were present in the Recalled Products when they left the exclusive control of Defendant and therefore existed during the duration of the warranty period.

93. Defendant's Recalled Products were not of the same quality as those generally acceptable in the trade; were not fit for the ordinary purpose of canine consumption; were not

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   adequately contained, packaged, and labeled; and did not conform to the promises and facts stated

2   on the container and label.

3      94.   Defendant, therefore, breached the implied warranty of merchantability, which by

4   law is provided in every consumer agreement for the sale of goods, including the sale of the Recalled

5   Products.

6      95.   As a direct and proximate cause of Defendant's breach of the implied warranty of

7   merchantability, Plaintiffs Bauer, Cleveland, and Mull and the California Subclass have been

8   damaged by receiving an inferior and unsafe product from that which they were promised. Plaintiffs

9   Bauer, Cleveland, and Mull and the California Subclass, therefore, have the right to cancel and

10  recover the purchase price of their Recalled Products.

**FOURTH CLAIM FOR RELIEF**
**Violations of the Unfair Competition Law, California Business & Professions Code §§**
**17200, *et seq.*, Against Defendant on Behalf of Plaintiffs Bauer, Cleveland, and Mull**
**and the California Class**

15     96.   Plaintiffs Bauer, Cleveland, and Mull, individually and on behalf of the California

16  Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

17  Class Action Complaint as if fully set forth herein.

18     97.   California's Unfair Competition Law ("UCL") prohibits unfair competition,

19  defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue

20  or misleading advertising and any act prohibited by [California's False Advertising Law, Cal. Bus.

21  & Prof. Code §§ 17500, *et seq.*]."

22     98.   Plaintiffs Bauer, Cleveland, and Mull and the California Class have standing to

23  pursue this claim because Plaintiffs Bauer, Cleveland, and Mull and members of the California Class

24  have suffered injury in fact and have lost money or property as a result of Defendant's actions as set

25  forth above.

26     99.   Defendant's actions and conduct as alleged in this Class Action Complaint constitute

27  an "unlawful" practice within the definition, meaning, and construction of California's UCL

28  because Defendant violated California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et*

*seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*).

100.    Defendant's actions and conduct as alleged in this Class Action Complaint constitute an "unfair" practice within the definition, meaning, and construction of California's UCL because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. The harm caused by Defendant's wrongful conduct outweighs any utility of such conduct and has caused – will continue to cause – substantial injury to Plaintiffs Bauer, Cleveland, and Mull and the California Class. Additionally, Defendant's conduct is "unfair" because it violated the legislatively declared policies in California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*).

101.    Defendant's actions as alleged in this Class Action Complaint constitute a "fraudulent" practice within the definition, meaning, and construction, of California's UCL because Defendant's statements that the Recalled Products were nutritious, healthy, safe, and appropriate for canine consumption are false and likely to deceive the public.

102.    As a result of Defendant's "unlawful," "fraudulent," and "unfair" conduct, Plaintiffs Bauer, Cleveland, and Mull and members of the California Class paid premium prices for the Recalled Products, which were worth substantially less than the products promised by Defendant, and Plaintiffs Bauer, Cleveland, and Mull and members of the California Class did not obtain the characteristics and specifications of the Recalled Products promised by Defendant. Defendant's conduct directly and proximately caused Plaintiffs Bauer, Cleveland, and Mull and the California Class actual monetary damages in the form of the price paid for the Recalled Products. The injuries, damages, and harm caused to Plaintiffs Bauer, Cleveland, and Mull and the California Class by Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided.  Defendant knew or had reason to know that Plaintiffs Bauer, Cleveland, and Mull and the California Class could not have reasonably known or discovered the existence of excessive amounts of vitamin D in the Recalled Products.  Had Defendant disclosed the excessive amounts of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

vitamin D in the Recalled Products, Plaintiffs Bauer, Cleveland, and Mull and the California Class would not have purchased the Recalled Products.

103. Defendant's wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendant markets and sells its products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. In accordance with California Business & Professions Code § 17203, Plaintiffs Bauer, Cleveland, and Mull seek an order enjoining Defendant from continuing to conduct business through fraudulent or unlawful acts and practices.

104. Plaintiffs Bauer, Cleveland, and Mull and the California Class also seek an order requiring Defendant to make full restitution of all moneys it has wrongfully obtained from Plaintiffs Bauer, Cleveland, and Mull and the California Class, along with all other relief permitted under the UCL.

**FIFTH CLAIM FOR RELIEF**
**Violations of Fla. Stat. §§ 501.201,** *et seq.* **(Florida Deceptive and Unfair Trade Practices Act), Against Defendant on Behalf of Plaintiff Cole and the Florida Class**

105. Plaintiff Cole, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

106. The stated purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is "[t]o protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

107. Plaintiff Cole and members of the Florida Class are "consumers" within the definition, meaning, and construction of Fla. Stat. § 501.203(7).

108. Defendant solicited, advertised, offered, provided, and distributed goods (including the Recalled Products) in Florida and thus engaged in "trade or commerce" within the definition, meaning, and construction of Fla. Stat. § 501.203(8).

109. Plaintiff Cole and the Florida Class have standing to pursue this claim because Plaintiff Cole and members of the Florida Class have suffered injury in fact and have lost

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

ascertainable money or property as a result of Defendant's actions set forth above which occurred within, and emanated from, Florida.

110. The FDUTPA broadly prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

111. Defendant's actions and conduct as alleged in this Class Action Complaint constitute an "unfair or deceptive act" within the definition, meaning, and construction of the FDUTPA because Defendant violated FDCA sections 301, 402, and 403 (21 U.S.C. §§ 331, 342, 343), the FFSA (Fla. Stat. §§ 500.04, 500.10, 500.11, 500.115), and Florida's misleading advertising statute (Fla. Stat. § 817.41).

112. Defendant's actions and conduct as alleged herein constitute an "unfair" act or practice within the definition, meaning, and construction of the FDUTPA because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Defendant's unfair and deceptive practices regarding the marketing, advertising, packaging, labeling, and sale of its Recalled Products are likely to mislead – and have misled – consumers acting reasonably under the circumstances. The harm caused by Defendant's wrongful conduct outweighs any utility of such conduct and has caused – and will continue to cause – substantial injury to Plaintiff Cole and the Florida Class. Defendant could and should have chosen one of many reasonably available alternatives, such as: (i) not including excessive quantities of vitamin D in the Recalled Products; (ii) altering the marketing, packaging and labeling of the Recalled Products to accurately disclose the nutritional content and quantity of vitamin D contained therein; or (iii) not selling its Recalled Products altogether.

113. Defendant's actions and conduct as alleged herein constitute a "deceptive" act or practice within the definition, meaning, and construction of the FDUTPA because Defendant: (i) knowingly and willfully failed to disclose all material information to purchasers of the Recalled Products; (ii) knowingly made false representations of fact in connection with the Recalled Products; (iii) affirmatively concealed and omitted that the Recalled Products included excessive and dangerous amounts of vitamin D to induce reliance by Plaintiff Cole and the Florida Class; and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

(iv) charged premium prices for such products. Defendant's conduct was likely to deceive consumers. Plaintiff Cole and the Florida Class relied on Defendant's representations and omissions. Defendant's failure to disclose this pertinent information regarding the true nature, specifications, and characteristics of the Recalled Products constitutes a material omission, in violation of the FDUTPA.

114.     As a result of Defendant's "unfair" or "deceptive" conduct Plaintiff Cole and the Florida Class were induced to pay premium prices for the Recalled Products, which were worth substantially less than the products promised by Defendant, and Plaintiff Cole and members of the Florida Class did not obtain the nutritious, safe, and healthy dog food promised by Defendant. Defendant's conduct directly and proximately caused Plaintiff Cole and the Florida Class actual monetary damages in the form of the price paid for the Recalled Products. The injuries, damages, and harm caused to Plaintiff Cole and the Florida Class by Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers. Had Defendant disclosed that the Recalled Products contained excessive and dangerous amounts of vitamin D, Plaintiff Cole and members of the Florida Class would not have purchased the Recalled products.

115.     Defendant's "unfair" or "deceptive" business practices alleged herein constitute an ongoing course of wrongful conduct prohibited by the FDUTPA because Defendant markets and sell the Recalled Products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Plaintiff Cole and the Florida Class therefore seek equitable and declaratory relief to remedy Defendant's deceptive advertising, packaging, and labeling of the Recalled Products under the FDUTPA, Fla. Stat. § 501.211(1).

116.     Plaintiff Cole and the Florida Class also seek an order requiring Defendant to make full restitution of all monies it has wrongfully obtained from Plaintiff Cole and the Florida Class and to pay damages, along with all other relief permitted under the FDUTPA, Fla. Stat. §§ 501.211(2), 501.2105.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTH CLAIM FOR RELIEF**
**Violations of Fla. Stat. § 817.41 (Florida Misleading Advertising Statute) Against Defendant on Behalf of Plaintiff Cole and the Florida Class**

117.    Plaintiff Cole, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

118.    Florida's misleading advertising statute, Fla. Stat. § 817.41(1), prohibits "any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses."

119.    Fla. Stat. § 817.40(5) broadly defines "misleading advertising" to include "any statements made, or disseminated, in oral, written, electronic, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services."

120.    Defendant represented (and continues to represent) that its Recalled Products were safe, healthy, and fit for canine consumption. Defendant represented that the Recalled Products contained "the right nutrients in the right quantities" and that "[g]uided by science, we formulate our food with precise balance so your pet gets all the nutrients they need – and none they don't." Defendant represented that "[n]ot only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need." Additionally, Defendant represented that "[w]e conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food." However, in truth the Recalled Products contained excessive and dangerous amounts of vitamin D.

---

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

121.    At the time Defendant made these representations regarding the safety, quality, and nutrition of the Recalled Products, Defendant knew that these representations were false.

122.    Defendant's representations regarding the safety, quality, and nutrition of the Recalled Products, and its omission that they contained excessive and dangerous amounts of vitamin D, are material facts to Plaintiff Cole and members of the Florida class. Defendant knows that such representations and omissions are material to reasonable consumers and intends that consumers rely upon these representation and omissions when choosing to purchase the Recalled Products.

123.    Defendant knew that its misrepresentations and omissions regarding the Recalled Products would materially affect Plaintiff and the Class members' decisions to purchase the Recalled Products.

124.    Acting as reasonable consumers, Plaintiff Cole and members of the Florida Class were unaware of Defendant's affirmative misrepresentations and active concealment of material facts regarding the Recalled Products. Rather, they believed that Defendant's Recalled Products were safe, nutritious, and fit for canine consumption, as advertised. Plaintiff Cole and members of the Florida Class reasonably relied on Defendant's misrepresentations and omissions regarding the Recalled Products in connection with their decisions to purchase the Recalled Products.

125.    As a direct and proximate result of Defendant's misrepresentations regarding the Recalled Products, Plaintiff Cole and members of the Florida Class were deceived.

126.    If the true facts had been known, Plaintiff Cole and members of the Florida Class would not have purchased the Recalled Products.

127.    Defendant has thus engaged in the dissemination of misleading advertising, in violation of Fla. Stat. § 817.41(1). The actions of Defendant caused damage to Plaintiff Cole and members of the Florida Class, who are therefore entitled to damages in an amount to be proven at trial and equitable relief as a result.

128.    Defendant's conduct further constitutes fraud, actual malice, or deliberate oppression. Defendant acted with actual knowledge of the wrongfulness of its actions and the high probability that damage to Plaintiff Cole and the Florida Class would result and, despite that

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

knowledge, intentionally pursued the course of conduct described herein, resulting in damage. At a minimum, Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights and interests of Plaintiff Cole and the Florida Class, who were exposed thereto.

**SEVENTH CLAIM FOR RELIEF**
**Violations of Iowa Code § 714H.1, *et seq.* (Iowa Private Right of Action for Consumer Frauds Act) Against Defendant on Behalf of Plaintiff Lorie Pritchard**

129.    Plaintiff Pritchard incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

130.    Plaintiff Pritchard purchased the Recalled Products manufactured by Defendant that were marketed as safe, nutritious, and fit for canine consumption.

131.    Plaintiff Pritchard and Defendant are "persons" within the meaning of Iowa Code § 714H.2(7).

132.    Plaintiff Pritchard is a "consumer" within the meaning of Iowa Code § 714H.2(3), who purchased the Recalled Products.

133.    Defendant's conduct described here in related to the "sale" or "advertisement" of "merchandise" as within the meaning of Iowa Code §§ 714H.2(2), (6), and (8).

134.    The Iowa Private Right of Action for Consumer Frauds Act ("Iowa CFA") prohibits a person from engaging in a "practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with the intent that others rely upon the unfair practice, deception, fraud false pretense, false promise, misrepresentation, concealment, suppression, or omission in connection with the advertisement, sale or lease of consumer merchandise." Iowa Code § 714H.3.

135.    In the course of its business, Defendant engaged in activities with a tendency or capacity to deceive. Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  any material fact with intent that others rely upon such concealment, suppression or omission, in

2  connection with the sale of the Recalled Products.

3      136.    By failing to disclose and by actively concealing the vitamin D content of the

4  Recalled Products, which it marketed as safe and nutritious, Defendant engaged in unfair and

5  deceptive business practices in violation of the Iowa CFA Act. Defendant's unfair or deceptive

6  acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff

7  Shanley, about the true safety and quality of the Recalled Products.

8      137.    Defendant intentionally and knowingly misrepresented material facts regarding the

9  Recalled Products with the intent to mislead Plaintiff Pritchard. Defendant knew or should have

10  known that its conduct violated the Iowa CFA.

11      138.    As alleged above, Defendant made material statements about the safety and quality

12  of the Recalled Products that were either false or misleading. Defendant owed Plaintiff Pritchard a

13  duty to disclose the true safety and quality of the Recalled Products, because Defendant: (a)

14  possessed exclusive knowledge about the nutritional content of the Recalled Products; (b)

15  intentionally concealed the foregoing from Plaintiff Pritchard; and (c) made incomplete

16  representations about the safety and quality of the Recalled Products, while purposefully

17  withholding material facts from Plaintiff Pritchard that contradicted these representations.

18      139.    As a direct and proximate result of Defendant's unfair, deceptive, and

19  unconscionable conduct, Plaintiff Pritchard has suffered and will continue to suffer injury,

20  ascertainable losses of money or property, and monetary and nonmonetary damages. Because

21  Defendant fraudulently concealed the excessive and dangerous amount of vitamin D in the

22  Recalled Products, purchasers of the Recalled Products were deprived of the benefit of their

23  bargain. Furthermore, Plaintiff Pritchard incurred substantial veterinary bills as a result of the

24  unsafe levels of vitamin D in the Recalled Products. Had Plaintiff Pritchard been aware of the

25  excessive amounts of vitamin D in the Recalled Products, she would not have purchased the

26  Recalled Products.

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

140.    Defendant's violations present a continuing risk to Plaintiff Pritchard, as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

141.    After filing this Class Action Complaint, Plaintiff Pritchard will seek approval from the Iowa Attorney General to file a class action claim under the Iowa CFA. If such approval is granted, Plaintiff will amend this Class Action Complaint to seek relief under the Iowa CFA on behalf of all persons in the State of Iowa who purchased the Recalled Products.

142.    Pursuant to Iowa Code § 714H.5, Plaintiff Pritchard seeks an order enjoining Defendant's unfair and/or deceptive acts or practices, and awarding actual damages, treble or punitive damages, attorneys' fees, and any other just and proper relief under the Iowa CFA the Court deems necessary to protect the public from further violations of the Iowa CFA.

## EIGHTH CLAIM FOR RELIEF
### Violations of Mich. Comp. Laws Ann. §§ 445.903, *et seq.* (Michigan Consumer Protection Act) Against Defendant on Behalf of Plaintiff Soltis and the Michigan Class

143.    Plaintiff Soltis, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

144.    Defendant and the Michigan Class are "persons" as defined by Mich. Comp. Laws Ann. § 445.903(d).

145.    Defendant advertised, offered, or sold goods or services in Michigan and engaged in trade or commerce directly or indirectly affecting the people of Michigan, as defined by Mich. Comp. Laws Ann. § 445.903(g).

146.    Defendant engaged in unfair, unconscionable, and deceptive practices in the conduct of trade and commerce, in violation of n violation of Mich. Comp. Laws Ann. § 445.903(1), including:

    a)    Representing that its goods and services have characteristics, ingredients, uses, benefits, and quantities that they do not have in violation of Mich. Comp. Laws Ann. § 445.903(1)(c);

b) Representing that its goods and services are of a particular standard or quality if they are of another in violation of Mich. Comp. Laws Ann. § 445.903(1)(e);

c) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer in violation of Mich. Comp. Laws Ann. § 445.903(1)(s);

d) Making a representation or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, in violation of Mich. Comp. Laws Ann. § 445.903(1)(bb); and

e) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner, in violation of Mich. Comp. Laws. Ann. § 445.903(1)(cc).

147. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

148. Defendant acted intentionally, knowingly, and maliciously to violate Michigan's Consumer protection Act, and recklessly disregard Plaintiff Soltis and Michigan Class members' rights. Defendant's knowledge that the Recalled Products contained excessive and dangerous amounts of vitamin D, put it on notice that the Recalled Products were not as it advertised.

149. As a direct and proximate result of Defendant's unfair, unconscionable, and deceptive practices, Plaintiff Soltis and the Michigan Class have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Recalled Products, and veterinary costs incurred as a result of purchasing and feeding the Recalled Products to their dogs.

150. Plaintiff Soltis and the Michigan Class members seek all monetary and non-monetary relief allowed by law, including actual damages, and any other relief that is just and proper.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## NINTH CLAIM FOR RELIEF
### Violations of New York General Business Law § 349 (the New York False Advertising Act) Against Defendant on Behalf of Plaintiff Shanley and the New York Class

151.    Plaintiff Shanley, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

152.    Defendant was engaged in the "conduct of business, trade or commerce," within the meaning of N.Y. GEN. BUS. LAW § 350, the New York False Advertising Act ("New York FAA").

153.    The New York FAA makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. GEN. BUS. LAW § 350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of ...representations [made] with respect to the commodity ...." N.Y. GEN. BUS. LAW § 350-a.

154.    Defendant caused to be made or disseminated through New York, through advertising, marketing, and other publications, statements, and omissions that were untrue or misleading, and that were known by Defendant, or that through the exercise of reasonable care should have been known by Defendant, to be untrue and misleading to Plaintiff Shanley and the New York Class.

155.    Defendant's advertising and marketing of the Recalled Products as safe, nutritious, and fit for canine consumption, as set forth in detail above, were false, misleading and deceptive because the Recalled Products contained excessive and dangerous amounts of vitamin D.

156.    Defendant's misrepresentations and omissions alleged herein deceive or have the tendency to deceive the general public regarding the safety and quality of the Recalled Products for canine consumption.

157.    Defendant's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, i.e., a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

158.     Defendant's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

159.     At the time Defendant made the misrepresentations and omissions alleged herein, Defendant knew or should have known that they were untrue or misleading and acted in violation of N.Y. GEN. BUS. LAW § 350.

160.     Unless restrained by this Court, Defendant will continue to engage in untrue and misleading advertising in violation N.Y. GEN. BUS. LAW § 350.

161.     As a result, Plaintiff Shanley and each member of the New York Class have been injured, have lost money or property, and are entitled to relief. Plaintiff Shanley and the New York Class seek monetary relief against Defendant measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for New York class members. Because Defendant's conduct was committed willingly and knowingly, New York class members are entitled to recover three times actual damages, up to $10,000.

162.     Plaintiff Shanley and the New York Class also seek an order enjoining Defendant's false advertising, attorneys' fees, and any other just and proper relief under N.Y. GEN. BUS. LAW § 350.

**TENTH CLAIM FOR RELIEF**
**Violation of the Ohio Rev. Code Ann. § 1345.01 et seq. (Ohio Consumer Sales Practice Act)**
**Against Defendant on Behalf of Plaintiff Daoudi and the Ohio Class**

163.     Plaintiff Daoudi, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

164.     Plaintiff Daoudi and the Ohio Class members purchased the Recalled Products manufactured by Defendant and marketed by Defendant as safe, nutritious and fit for canine consumption.

165.     Defendant is a "supplier" as that term is defined in OHIO REV. CODE ANN. § 1345.01(C). Plaintiff Daoudi and the Ohio Class are "consumers" as that term is defined in OHIO

1  REV. CODE ANN. § 1345.01(D), and their purchases of the Recalled Products are "consumer

2  transactions" within the meaning of OHIO REV. CODE ANN. § 1345.01(A).

3       166.    The Ohio Consumer Sales Practices Act ("Ohio CSPA"), OHIO REV. CODE

4  ANN. §1345.02, prohibits unfair or deceptive acts or practices in connection with a consumer

5  transaction. Specifically, and without limitation, the Ohio CSPA prohibits suppliers from

6  representing (a) that goods have characteristics or uses or benefits which they do not have; (b) that

7  their goods are of a particular quality or grade they are not; and (c) the subject of a consumer

8  transaction has been supplied in accordance with a previous representation, if it has not.

9       167.    Defendant's conduct as alleged above constitutes unfair and/or deceptive

10  consumer sales practices in violation of OHIO REV. CODE ANN. § 1345.02.

11       168.    By concealing the true nutritional content and safety of the Recalled Products,

12  Defendant engaged in deceptive business practices prohibited by the Ohio CSPA, including:

13  representing that the Recalled Products have characteristics, uses, benefits, and qualities which

14  they do not have; representing that the Recalled Products are of a particular standard, quality, and

15  grade when they are not; representing that the subject of a transaction involving Recalled Products

16  has been supplied in accordance with a previous representation when it has not; and engaging in

17  other unfair or deceptive acts or practices. The suppressed or omitted information would be

18  material to a reasonable consumer.

19       169.    Defendant's actions occurred in the conduct of trade or commerce. In the course of

20  its business, Defendant concealed the defects in the Recalled Products and otherwise engaged in

21  activities with a tendency or capacity to deceive. Defendant engaged in unlawful trade practices by

22  employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment,

23  suppression or omission of a material fact with intent that others rely upon such concealment,

24  suppression or omission, in connection with the sale of the Recalled Products.

25       170.    By failing to disclose and by actively concealing the true nutritional content and

26  safety of the Recalled Products, which it marketed as safe, nutritious, and fit for canine

27  consumption, Defendant engaged in unfair and deceptive business practices in violation of the

28  Ohio CSPA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**CLASS ACTION COMPLAINT**       37

171.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Daoudi and the Ohio Class, about the true safety and quality of the Recalled Products. Defendant intentionally and knowingly misrepresented material facts regarding the Recalled Products with the intent to mislead Plaintiff Daoudi and the Ohio Class.

172.     Defendant knew or should have known that its conduct violated the Ohio CSPA.

173.     As alleged above, Defendant made material misstatements about the quality and safety of the Recalled Products that were either false or misleading. Defendant owed Plaintiff Daoudi and the Ohio Class a duty to disclose the true safety and quality of the Recalled Products, because Defendant: (a) possessed exclusive knowledge about the nutritional content of the Recalled Products; (b) intentionally concealed the foregoing from Plaintiff Daoudi and the Ohio Class; and (c) made incomplete representations about the nutritional content of the Recalled Products, while purposely withholding material facts from Plaintiff Daoudi and Ohio Class that contradicted those representations.

174.     Because Defendant concealed the nutritional content of the Recalled Products, purchasers of the Recalled Products were deprived of the benefit of their bargain since the Recalled Products were unsafe and unfit for canine consumption. Further Plaintiff Daoudi and the Ohio Class incurred substantial veterinary bills as a result of feeding their dogs the Recalled Products. Had purchasers of the Recalled Products been aware of the excessive and dangerous amounts of vitamin D in the Recalled Products, they would not have purchased the Recalled Products

175.     As a direct and proximate result of Defendant's violations of the Ohio CSPA, Plaintiff Daoudi and the Ohio Class have suffered injury-in-fact and/or actual damage, as alleged above. As a result of the foregoing wrongful conduct of Defendant, Plaintiff Daoudi and the Ohio Class have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to, actual and statutory damages, an order enjoining Defendant's deceptive and unfair conduct, treble damages, court costs and reasonable attorneys' fees, pursuant to OHIO REV. CODE ANN. § 1345.09, et seq.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## ELEVENTH CLAIM FOR RELIEF
**Violation of 73 P.S. § 201-1 et seq. (Pennsylvania Unfair Trade Practices and Consumer Protection Law) Against Defendant on Behalf of Plaintiff Henry and the Pennsylvania Class**

176.     Plaintiff Henry, individually and on behalf of the Pennsylvania Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

177.      Plaintiff Henry and Pennsylvania Class members purchased the Recalled Products manufactured by Defendant and marketed by Defendant as safe, nutritious and fit for canine consumption.

178.     Defendant, Plaintiff Henry, and the Pennsylvania Class are "persons" within the meaning of 73 P.S. § 201-2(2).

179.     Defendant is engaged in "trade" or "commerce" within the meaning of 73 P.S. § 201- 2(3).

180.     The Pennsylvania Unfair Trade Practices Act ("Pennsylvania UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce ...." 73 P.S. § 201-3.

181.     In the course of its business, Defendant concealed the nutritional content and safety of the Recalled Products and otherwise engaged in activities with a tendency or capacity to deceive. Defendant also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Recalled Products.

182.     Defendant thus violated the provisions of the Pennsylvania UTPA, at a minimum by: (1) representing that the Recalled Products have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the Recalled Products are of a particular standard, quality, and grade when they are not; (3) advertising the Recalled Products with the intent not to sell them as advertised; (4) failing to disclose information concerning the Recalled Products with the intent to induce consumers to purchase the Recalled Products.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

183.    Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Henry and the Pennsylvania Class, about the true nutritional content, quality and safety of the Recalled Products.

184.    Defendant intentionally and knowingly misrepresented material facts regarding the Recalled Products with the intent to mislead Plaintiff Henry and the Pennsylvania Class.

185.    Defendant knew or should have known that its conduct violated the Pennsylvania UTPA.

186.    As alleged above, Defendant made material statements about the safety, quality, and nutritional content of the Recalled Products that were either false or misleading. Defendant owed Plaintiff Henry and the Pennsylvania Class a duty to disclose the true content and quality of the Recalled Products because Defendant: (a) possessed exclusive knowledge about the nutritional content of the Recalled Products; (b) intentionally concealed the foregoing from Plaintiff Henry and the Pennsylvania Class; and (c) made incomplete representations about the quality, safety, and nutritional content of the Recalled Products, while purposefully withholding material facts from Plaintiff Henry and the Pennsylvania Class that contradicted these representations.

187.    Because Defendant concealed the nutritional content of the Recalled Products, purchasers of the Recalled Products were deprived of the benefit of their bargain since Recalled Products were unsafe and unfit for canine consumption. Had purchasers of the Recalled Products been aware of that they contained excessive and dangerous amounts of vitamin D, they would not have purchased the Recalled Products.

188.    Defendant's violations present a continuing risk to Plaintiff Henry and the Pennsylvania Class, as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

189.    As a direct and proximate result of Defendant's violations of the Pennsylvania UTPA, Plaintiff Henry and the Pennsylvania Class have suffered injury-in-fact and/or actual damage. Pursuant to 73 P.S. § 201-9.2(a), Plaintiff Henry and the Pennsylvania Class seek an order enjoining Defendant's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Pennsylvania UTPA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## TWELFTH CLAIM FOR RELIEF
### Negligent Misrepresentation Against Defendant on Behalf of Plaintiffs and the Nationwide Class

190.    Plaintiffs, individually and on behalf of the Nationwide Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

191.    Plaintiffs and members of the Nationwide Class reasonably placed their trust and reliance in Defendant's representations that the Recalled Products were nutritionally balanced, healthy, safe, and appropriate for canine consumption.

192.    Plaintiffs and members of the Nationwide Class reasonably placed their trust and reliance in Defendant to disclose if the Recalled Products contained excessive amounts of vitamin D.

193.    Because of the relationship between the parties, Defendant owed a duty to use reasonable care to impart correct and reliable disclosures concerning the true nature, quality, and ingredients of the Recalled Products or, based upon its superior knowledge, having spoken, to say enough not to be misleading.

194.    Defendant breached its duty to Plaintiffs and the Nationwide Class by providing false, misleading, partial disclosures and/or deceptive information regarding the true nature, safety, and ingredients of the Recalled Products.

195.    Plaintiffs and the Nationwide Class reasonably and justifiably relied upon the information supplied to them by Defendant. As a result, Plaintiffs and the Nationwide Class purchased the Recalled Products that should not have been sold at all because they contained excessive amounts of vitamin D.

196.    Defendant failed to use reasonable care in its communications and representations to Plaintiff and the Nationwide Class.

197.    By virtue of Defendant's negligent misrepresentations, Plaintiffs and the Nationwide Class have been damaged in an amount to be proven at trial or alternatively, seek rescission and disgorgement under this Count.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

THIRTEENTH CLAIM FOR RELIEF
**Negligent Omission Against Defendant on Behalf of Plaintiffs and the Nationwide Class**

198.    Plaintiffs, individually and on behalf of the Nationwide Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

199.    As described herein, Defendant has negligently concealed, suppressed, or omitted a material fact concerning the Recalled Products, namely that the Recalled Products contain excessive and dangerous amounts of Vitamin D.

200.    Defendant was under a duty to Plaintiffs and the Nationwide Class to disclose that the Recalled Products contained excessive amounts of Vitamin D because:

a)    Defendant was in a superior position to know that the Recalled Products contained excessive amounts of Vitamin D;

b)    Plaintiffs and the Nationwide Class could not reasonably have been expected to learn or discover that the Recalled Products contained excessive amounts of Vitamin D;

c)    Defendant should have known that Plaintiffs and members of the Nationwide Class could not reasonably have been expected to learn or discover that the Recalled Products contained excessive amounts of Vitamin D; and

d)    Defendant should have known that Plaintiffs and members of the Nationwide Class would not have purchased the Recalled Products if Defendant had disclosed the excessive amounts of Vitamin D.

201.    Plaintiffs and members of the Nationwide Class did not know that the Recalled Products contained excessive amounts of Vitamin D. Had they known, Plaintiffs and members of the Nationwide Class would not have purchased the Recalled Products.  Consequently, Defendant's conduct directly and proximately caused Plaintiffs and the Nationwide Class actual monetary damages in the form of the price paid for the Recalled Products.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    202.    Plaintiffs, individually and on behalf of the Nationwide Class, seek damages from

2    Defendant's unlawful conduct.

3                                 **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff, on behalf of himself and the Nationwide Class and the Subclasses,

5    requests that the Court order the following relief and enter judgment against Defendant as follows:

6    A.    an Order certifying the proposed Nationwide Class and Subclasses under Fed. R.

7          Civ. Proc. 23 and appointing Plaintiffs and their counsel to represent the Nationwide

8          Class and Subclasses;

9    B.    a declaration that Defendant engaged in the illegal conduct alleged herein in violation

10         of Cal. Civ. Code §§ 1750, *et seq.* (Consumer Legal Remedies Act), Cal. Bus. & Prof.

11         Code §§ 17500, *et seq.* (False Advertising Law), Cal. Civ. Code Cal. §§ 1790, *et seq.*

12         (Song-Beverly Consumer Warranty Act), and Bus. & Prof. Code §§ 17200, *et seq.*

13         (Unfair Competition Law);

14   C.    a declaration finding that Defendant engaged in the illegal conduct alleged herein in

15         violation of the FDUPTA (Fla. Stat. §§ 501.201, et seq.), FDCA section 301 (21

16         U.S.C. § 331), the FFSA (Fla. Stat. §§ 500.01, et seq.), and Fla. Stat. § 817.41(1);

17   D.    a declaration finding that Defendant engaged in the illegal conduct alleged herein in

18         violation of Iowa Code § 714H.1 (Iowa Private Right of Action for Consumer Frauds

19         Act);

20   E.    a declaration finding that Defendant engaged in the illegal conduct alleged herein in

21         violation of Mich. Comp. Laws Ann. §§ 445.903, *et seq.* (Michigan Consumer

22         Protection Act);

23   F.    a declaration finding that Defendant engaged in the illegal conduct alleged herein in

24         violation of N.Y. GEN. BUS. LAW § 350 (New York False Advertising Act);

25   G.    a declaration finding that Defendant engaged in the illegal conduct alleged herein in

26         violation of Ohio Rev. Code Ann. § 1345.01 et seq. (Ohio Consumer Sales Practice

27         Act);

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

H.   a declaration finding that Defendant engaged in the illegal conduct alleged herein in violation of 73 P.S. § 201-1 *et seq*. (Pennsylvania Unfair Trade Practices and Consumer Protection Law);

I.   a declaration finding that Defendant engaged in conduct constituting negligent misrepresentation and negligent omission;

J.   an Order that Defendant be permanently enjoined from its improper activities and conduct described herein;

K.   a Judgment awarding Plaintiffs and the Nationwide Class restitution and disgorgement of all compensation obtained by Defendant from its wrongful conduct;

L.   a Judgment awarding Plaintiffs and the Nationwide Class compensatory damages pursuant to Cal. Civ. Code Cal. §§ 1790, *et seq.*, in an amount to be proven at trial;

M.   Prejudgment and post-judgment interest at the maximum allowable rate;

N.   an Order awarding Plaintiff and the Nationwide Class their reasonable litigation expenses, costs, and attorneys' fees;

O.   an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Nationwide Class; and

P.   an Order awarding such other and further relief as the Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all claims and issues so triable.

Dated: February 20, 2019                    SCHUBERT JONCKHEER & KOLBE LLP


                                    ___/s/ Kathryn Y. Schubert___
                                    KATHRYN SCHUBERT

                                    ROBERT C. SCHUBERT (62684)
                                    WILLEM F. JONCKHEER (178748)
                                    KATHRYN Y. SCHUBERT (265803)
                                    Three Embarcadero Center, Suite 1650
                                    San Francisco, California 94111

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Telephone:    (415) 788-4220
Facsimile:    (415) 788-0161
E-mail:      rschubert@sjk.law
                wjonckheer@sjk.law
                kschubert@sjk.law

*Attorneys for Plaintiffs and the Putative
Classes*


PARKER HARVEY PLC
ANDERS GILIS (*pro hac vice* to be filed)
901 South Garflied Ave, Suite 2000
Traverse City, Mi 49686
Telephone:    (231) 929-4878
Facsimile:    (231) 929-4182
E-mail:      agillis@parkerharvey.com

*Additional Attorneys for Plaintiff Donna Lee
Soltis and the Putative Michigan Class*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220