## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

IN RE: HILL'S PET NUTRITION, INC.,
DOG FOOD PRODUCTS LIABILITY
LITIGATION

(This Document Relates to All Cases)

MDL No. 2887

Case No. 19-md-2887-JAR-TJJ

## ORDER APPOINTING COUNSEL

The Court's Preliminary Practice and Procedure Order directed counsel seeking a leadership position in the organizational structure of this Multidistrict Litigation ("MDL") to submit a proposal describing counsel's qualifications for selection.[1] The Court also ordered any counsel seeking a leadership role to appear in person at the initial scheduling conference on July 29, 2019.[2] The Court received several thorough submissions from counsel and heard argument regarding counsel's applications during the July 29 conference. After considering counsel's submissions and arguments, as well as the guidance provided by § 10.224 of the Manual for Complex Litigation Fourth ("MCL 4th"), Rule 23 of the Federal Rules of Civil Procedure, and other accepted guidance regarding the appointment of leadership counsel in cases of this kind, the Court issues this Order Appointing Counsel to designated leadership roles in this MDL.

Before turning to discussion of counsel's appointment to specific leadership roles, the Court notes that many well-qualified candidates submitted applications for leadership positions in this MDL. The selection task has been challenging due to a surplus of qualified candidates

---

[1] Doc. 2 ¶5 (amended as to deadlines only by Doc. 3).

[2] *Id.*

from which to choose, and the Court does not intend for its decision to exclude some candidates from leadership positions to comment negatively about their qualifications.  On the contrary, the Court is confident that those attorneys who have not been selected would have been able, effective, and diligent advocates on behalf of all Plaintiffs.  From among the many qualified candidates, the Court finds that the counsel appointed to leadership positions herein will best assist the Court in resolving these cases effectively, efficiently, and fairly.  As this litigation proceeds, of course, the Court may require modification to the leadership structure as the interests of efficiency and justice so require.

## I.    Appointments to Counsel Leadership Structure

Upon the issuance of this Order, both Plaintiffs and Defendants are expected to act only through leadership counsel except as may otherwise be ordered.  Any non-lead counsel may file motions for relief from or to modify this or any other order of the Court, but are cautioned that they should do so only if there is a matter of the utmost importance that they have already unsuccessfully sought to have raised by their Lead Counsel.

### A.    Defendants' Lead and Liaison Counsel

At the request of Defendants Hill's Pet Nutrition, Inc., Hill's Pet Nutrition Sales, Inc., and Colgate-Palmolive Company ("Defendants"), the Court appoints Richard B. Goetz, of the law firm of O'Melveny & Myers LLP, to serve as Defendants' Lead Counsel, and Thomas P. Schult, of Berkowitz Oliver LLP, to serve as Defendants' Liaison Counsel.  The Court also orders the following:

1.  Defendants' Liaison Counsel is designated as the counsel for all Defendants in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

2. Defendants' Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Defendants' behalf; (b) prepare and transmit copies of such orders and notices on Defendants' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation.

3. Defendants' Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Defendants' counsel on request.

4. Defendants' Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Defendants' Lead Counsel or as ordered by the Court.

**B.      Plaintiffs' Co-Lead Counsel and Interim Class Counsel**

The Court appoints Gary E. Mason from Whitfield Bryson & Mason LLP, Rachel E. Schwartz from Stueve Siegel Hanson LLP, Michael R. Reese from Reese LLP, and Scott A. Kamber from KamberLaw, LLP as Co-Lead Counsel and Interim Class Counsel for all Plaintiffs. Plaintiffs' Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

1. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

2. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel—including but not limited to those counsel serving on the Plaintiffs'

Executive Committee—in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

3. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

4. Determining (after consultation with members of the Plaintiffs' Executive Committee and other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as they or their designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

5. Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs vis-à-vis Defendants and the Court;

6. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

7. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

8. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

9. Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

10. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

11. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

12. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

13. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

14. Assessing Plaintiffs' counsel for the costs of the litigation;

15. Consulting with the Plaintiffs' Executive Committee to fulfill the committee's obligations as Co-Lead Counsel shall direct;

16. Preparing and distributing periodic status reports to the Court and to the parties as ordered;

17. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

## C.  Plaintiffs' Liaison Counsel

The Court appoints Rachel E. Schwartz as Liaison Counsel for all Plaintiffs. Plaintiffs' Liaison Counsel is responsible for performing the duties and responsibilities described in the MCL 4th § 10.221, including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Plaintiffs' Co-Lead Counsel. The Court also orders the following:

1. Plaintiffs' Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

5

2.  Plaintiffs' Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation.

3.  Plaintiffs' Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request.

4.  Plaintiffs' Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list.

5.  Plaintiffs' Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Plaintiffs' Co-Lead Counsel or as ordered by the Court.

**D.      Plaintiffs' Executive Committee and Interim Class Counsel**

The Court appoints as members of the Plaintiffs' Executive Committee and as Interim Class Counsel Melissa R. Emert from Stull, Stull & Brody, Jeffrey S. Goldenberg from Goldenberg Schneider, LPA, Rosemary M. Rivas from Levi & Korsinsky, LLP, and Charles E. Schaffer from Levin Sedran & Berman LLP.

**II.      Additional Matters**

**A.      Settlement Discussions**

Any proposed settlement that resolves, in whole or in part, the claims filed in this action shall first be subject to review and approval by the Court.  Any discussions of such a settlement must be conducted by Plaintiffs' Co-Lead Counsel.

6

### B.    Proposed Agendas

In advance of each status conference, Plaintiffs' Co-Lead Counsel and Defendants' counsel will meet and confer regarding the agenda for the conference.  Unless otherwise ordered, counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

For the status report due on **August 12, 2019**, the parties shall report on the items listed in the Court's July 24, 2019 Notice of Agenda.[3]  The parties shall also meet and confer and report upon whether this litigation will require a common benefit fund, the timing and process for implementing such a fund, if necessary, and/or other protocols relating to fees, expenses, billing, and reimbursement.

### C.    Plaintiffs' Counsel Time and Expense Records

Pending further direction from Plaintiffs' Co-Lead Counsel and/or order of the Court, the procedure for Plaintiffs' Co-Lead Counsel to manage and approve Plaintiffs' counsel's time and expenses shall be as follows.

All Plaintiffs' counsel must keep contemporaneous records of their time and expenses devoted to this matter.  Those records must reflect the date the legal service was rendered or expenses incurred, the nature of the service or expense, and the number of hours (measured in one-tenths of an hour) consumed by the service or the amount of the expense.  Plaintiffs' counsel must submit these records for the preceding month in summary form by the end of each month to Plaintiffs' Liaison Counsel.  Failure to comply with this procedure may render the expenses non-reimbursable at the discretion of Co-Lead Counsel.

---

[3] Doc. 14.

**D.      Joint Case Summary for Court Website**

Defendants' Lead Counsel and Plaintiffs' Co-Lead Counsel shall confer and jointly draft a brief, one-paragraph description of the subject matter of this MDL and provide that summary to the Court by email to ksd_robinson_chambers@ksd.uscourts.gov no later than **August 12, 2019**. The joint summary shall appear on the District of Kansas's publicly accessible website page containing information about this MDL, including court contact information, upcoming hearings, and links to the Court's orders.  The MDL No. 2887 website page is available at:

http://ksd.uscourts.gov/index.php/mdlcase/hills-pet-nutrition-inc-dog-food-products-liability-litigation/

**E.      Application of this Order**

This Order applies to all actions included in MDL No. 2887, subsequently transferred tag-along actions, and all actions directly filed in this MDL proceeding.

Plaintiffs' Liaison Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Plaintiffs' Liaison Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED.**

Dated: July 31, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

8