**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: HILL'S PET NUTRITION, INC. DOG FOOD PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to All Cases, Except:**<br><br>***Diana Anja Eichhorn-Burkhard v. Hill's Pet Nutrition, Inc. et al.*, No. 19-CV-02672- JAR-TJJ;**<br><br>**and**<br><br>***Bone v. Hill's Pet Nutrition, Inc.,* No. 19-CV-02284-JAR-TJJ,** ***Schwegmann v. Hill's Pet Nutrition, Inc.*, No. 19-CV-2149-JAR-TJJ,** ***Navarrete v. Hill's Pet Nutrition, Inc.,* No. 19-CV-2312-JAR-TJJ, and** ***Jubinville v. Hill's Pet Nutrition, Inc.*, No. 19-CV-2302-JAR-TJJ (This document DOES apply to all claims within these complaints that are included in the Settlement).** | **MDL No. 2887**<br><br>**Case No. 2:19-md-02887-JAR-TJJ** |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, on May 28, 2021, Plaintiffs, on behalf of the proposed Settlement Class, made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order finally approving a Settlement in accordance with the Class Settlement Agreement filed as Exhibit A at Doc. 98-1 (the "Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement.  On that same day, Plaintiffs filed a petition for an award of attorneys' fees, reimbursement of expenses, and service awards to the Class Representatives, which will be addressed in a separate order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement;

WHEREAS, on February 3, 2021, the Court granted, pursuant to Rule 23(e), Plaintiffs' motion for preliminary approval of the Settlement, Doc. 105;

WHEREAS, in a declaration filed with the Court on July 2, 2021, Doc. 127-1 (the "Finegan Declaration" or "Finegan Decl."), the Settlement Administrator has advised that the Notice Program employed best-in-class tools and technology to reach approximately 80% of targeted Settlement Class Members nationwide, on average approximately 2.4 times, through print, online display, social impressions with cross-device targeting on desktop and mobile, a press release, a Settlement Website, and a toll-free number;

WHEREAS, in the Finegan Declaration, the Settlement Administrator has advised that Notice was directly emailed to 11,912 Settlement Class Members and state Settlement Subclass Members for whom an email address could reasonably be identified, and directly mailed via U.S. mail to 14,594 Settlement Class Members and state Settlement Subclass Members for whom only a physical address is available; the Settlement Administrator has further advised that on June 16, 2021, a reminder postcard was mailed to 11,338 Settlement Class Members for whom name and address records were available; and, additionally, on June 16, 2021, 10,839 Settlement Class Members were emailed a reminder notice;

WHEREAS, in the Finegan Declaration, the Settlement Administrator has advised that dissemination of the Notice was augmented by dissemination of Court-approved Print Publication Notice in *National Geographic* and *The Journal of the American Veterinary Medical Association*;

WHEREAS, in the Finegan Declaration, the Settlement Administrator has advised that dissemination of the Notice was further augmented by an extensive campaign of digital publication

notice, including online display banner advertising, keyword search advertising, and social media advertising, all of which were specifically targeted to reach Settlement Class Members, resulting in service of approximately 148 million online display, search, and social media ads; the Settlement Administrator has further advised that dissemination of the Notice additionally included a supplemental notice program that commenced on May 25, 2021, and concluded on June 28, 2021, and included an additional 6,850,000 impressions, which appeared as targeted display ads, keyword search advertising, and social media ads, which were chosen based on high engagement during the initial notice program; furthermore, the Settlement Administrator has advised that as an additional layer of notice, the parties agreed to provide notice through two Top Class Actions' channels (emails to subscribers and social media posts to followers on Top Class Actions' social pages);

WHEREAS, in the Finegan Declaration, the Settlement Administrator has advised that dissemination of the Notice was further augmented by the distribution of a news release over PR Newswire's US1 Newslines; the establishment of a toll-free number; and the establishment of a dedicated Settlement Website (www.petfoodsettlement.com) maintained by the Settlement Administrator, whereby prospective Settlement Class Members could obtain information and copies of the Notice, the Settlement Agreement, the Preliminary Approval Briefing and Order, the operative Consolidated Class Action Complaint, and various other papers;

WHEREAS, a total of only two objections to the Settlement were submitted (Vicky Swaim and Leiann Hawley);

WHEREAS, a total of only two requests for exclusion from the Settlement were submitted (Joseph M. Gerrety and Patty J. Gardner);

WHEREAS, on July 27, 2021, the Court held a public Final Approval Hearing pursuant to Rule 23(e)(2) via video conference, at which it heard from counsel for the Parties and Ms. Hawley;

and

WHEREAS, the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; having read and considered Plaintiffs' motion for final approval; having read and considered all of the written objections to the Settlement and Ms. Hawley's presentation at the Final Approval Hearing; and having considered all arguments in the record (including those presented at the Final Approval Hearing), both in favor and in opposition to the Settlement's final approval;

NOW, THEREFORE, as more fully set forth on the record of the July 27, 2021 Final Approval Hearing, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2).

2.     The Court has personal jurisdiction over the Class Representatives appointed in paragraph 20 below, the members of the Settlement Class and state Settlement Subclasses defined in paragraphs 13 and 14 below, and Defendants.

3.     The Court finds that the Notice of the Settlement that was disseminated to prospective members of the Settlement Class through direct mail, publication, and the other means outlined above fully comported with the requirements of both Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and constitutional due process.  The notice furnished to the Settlement Class plainly constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class members of: (a) the material terms of the Settlement, including the benefits provided, the procedure for filing a Claim Form, the release provided to Defendants, the consequences of participating in the Settlement, and their options; (b) all applicable deadlines; (c) their right to opt out or to object to any aspect of the Settlement and

how to do so; (d) the attorneys' fees that Settlement Class Counsel would seek; (e) the date, place, and time of the Rule 23(e)(2) Final Approval Hearing and their right to appear at that hearing; and (f) where they could obtain further information.

4.  In addition, the notice given by Defendants to state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

5.  The Long Form Notice was publicly filed, Doc. 98-3, and approved by the Court. Doc. 105 ¶ 8.  The Long Form Notice was publicly posted on the Settlement Website.[1]  The Long Form Notice included the specific requirements necessary for a Settlement Class Member to lodge an objection to the Settlement, including that any objection must: be received by the Clerk of the Court and by each of the attorneys listed in the Long Form Notice by June 21, 2021, and specify that the Settlement Class Member has submitted a valid claim.  *Id.*

6.  Two objections to the Settlement have been submitted, by Vicky Swaim and Leiann Hawley.  *See* Doc. 127-1 at 10−19 (Swaim objection); *see also* Doc. 124 (original Hawley objection); and Doc. 128 (revised Hawley objection).  The Court has reviewed and independently analyzed the objections submitted by Ms. Swaim and Ms. Hawley, and both objections are **OVERRULED**.

7.  Ms. Swaim failed to satisfy all of the requirements for submitting a timely and valid objection to the Settlement, including by failing to establish that she is a Settlement Class Member that has submitted a valid claim.  Her objection is therefore overruled.  Even if she had satisfied these requirements, the Court additionally overrules the substance of her claim.  While Ms. Swaim may have wanted the Settlement Fund to be larger, that objection does not mean that the Settlement

---

[1] *See* http://www.petfoodsettlement.com/DocumentHandler.ashx?DocPath=/Documents/Hill_s _Long_Form_Notice_FINAL.pdf.

is not fair, adequate, and reasonable. *See, e.g.*, *Hapka v. CareCentrix, Inc.*, No. 2:16-cv-02372-KGG, 2018 WL 1871449, at \*4 (D. Kan. Feb. 15, 2018) (stating that the "Court's role is not to determine whether the proposed settlement has achieved perfection" and that "[i]t is true that something could always be added to every class action settlement to make it more favorable to class members, but that is not the standard by which class action settlements should be measured").

8.      Moreover, Ms. Swaim's objection does not accurately characterize the actual benefits provided by the Settlement.  The Settlement here is not limited solely to "the cost of food and veterinarian bills for the dog," as Ms. Swaim claims.  *See* Doc. 127-1 at 11.  While the Settlement does provide full reimbursement for the total cost of the dog food, it also provides for reimbursement for any "screening or treatment of their dog for signs consistent with consumption of excess levels of Vitamin D as a result of the use or consumption of Hill's Products," a concept broader than merely veterinarian bills.  *See* Doc. 98-3 at § 9.  Furthermore, depending on the total amount of the timely, valid, and approved claims, Settlement Class Members may receive up to two times the value of their claims.  While Ms. Swaim characterizes the Settlement as a "stupid class action" in which "pet owners are only compensated for a few dollars," Doc. 127-1 at 11, the actual terms of the Settlement are far more generous.  Thus, Ms. Swaim's objection that the Settlement could provide more does not diminish that the Settlement as a whole is fair, reasonable, and adequate.  Her objection is **OVERRULED**.

9.      On November 25, 2020, Ms. Hawley signed the Settlement Agreement as a class representative.  Doc. 98-1 at 50.  Her original objection was dated June 15, 2021.  Doc. 124.  She submitted a revised objection on July 6, 2021, in which she raises two objections.  Doc. 128.  Ms. Hawley appeared by phone at the Final Approval Hearing on July 27 and candidly discussed the death of Cooper, her beloved family dog.  The Court thanks Ms. Hawley for her forthright

6

presentation.  Ms. Hawley confirmed that she has withdrawn her original objections and the only objections she now asserts are those contained in her July 6, 2021 letter.

10.     Ms. Hawley's objection that the Settlement Agreement allows counsel for Defendants a limited right to review certain allocation decisions by the Claims Administrator is **OVERRULED**.  Counsel for Defendants only have a right to review dog injury claims that are $500 or above and this right to review must be based on a good-faith belief that the claim merits additional review.  This review does not mean that Defendants can single-handedly deny a claim.  Instead, it triggers a meet-and-confer process with Settlement Class Counsel and the Claims Administrator that may ultimately be resolved by a neutral mediator.  Allowing Defendants to raise good-faith concerns about a specific claim is to the benefit of the Class as a whole to prevent potentially fraudulent claims.

11.     Ms. Hawley additionally objects that there is a two-times cap on the multiplier each class member can receive.  This objection also is **OVERRULED**.  The Settlement Agreement was the result of a hard-fought and arm's-length mediation process. While a class member may wish to receive an unlimited amount of money from a settlement, that wish does not make the settlement unfair, inadequate, or unreasonable.  Moreover, the Settlement Agreement and Settlement Website publicly and appropriate designated a *cy pres* recipient, Unleashed Pet Rescue, whose mission is tied to the claims in this litigation.  This *cy pres* recipient will only receive residual funds after all class members receive at least two-times the total value of their claims, after multiple distributions are made, if feasible.  The Court further finds that the *cy pres* recipient was appropriately identified in the notice and its use as a recipient of residual funds is consistent with the law of this Circuit.

12.     Plaintiffs' motion for final approval of the Settlement is **GRANTED**.  The Court finds that the Settlement is the product of extensive arm's-length negotiation by seasoned counsel

with the assistance of a third-party mediator, and that it is fair, reasonable, and adequate.

13.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following nationwide Settlement Class for settlement purposes only: All persons and entities that purchased Hill's Products in the United States from September 1, 2018 to May 31, 2019.  Excluded from this Settlement Class are: all persons and entities that have been provided compensation from any Defendant and have executed a release for the claims described herein; Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale or resold Hill's Products, but persons or entities that purchased Hill's Products for direct use are not excluded; the Judges to whom this case is assigned and any member of the Judges' staff or immediate family; Settlement Class Counsel; and the putative Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

14.     Pursuant to Rule 23(a) and (b)(3), the Court additionally certifies the state Settlement Subclasses described in the Consolidated Class Action Complaint for settlement purposes only.  Excluded from the state Settlement Subclasses are: all persons and entities that have been provided compensation from any Defendant and have executed a release for the claims described herein; Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale or resold Hill's Products, but persons or entities that purchased Hill's Products for direct use are not excluded; the Judges to whom this case is assigned and any member of the Judges' staff or immediate family; Settlement Class Counsel; and the putative Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-

Out Deadline.

15.     The Court finds, for settlement purposes, that the Settlement Class and state Settlement Subclasses satisfy the requirements for certification pursuant to Rule 23(a) and (b)(3). Specifically, for the reasons outlined in Plaintiffs' motion for final approval:

a.      The Settlement Class and state Settlement Subclasses are each so numerous that joinder of all members is impracticable, FED. R. CIV. P. 23(a)(1);

b.      There are questions of law or fact common to the Settlement Class and each state Settlement Subclass, FED. R. CIV. P. 23(a)(2);

c.      The claims of the representatives of the Settlement Class and each state Settlement Subclass are typical of the claims of absent members of the Settlement Class and each state Settlement Subclass, FED. R. CIV. P. 23(a)(3);

d.      The representatives of the Settlement Class and each state Settlement Subclass will fairly and adequately protect the interests of the Settlement Class and each state Settlement Subclass, FED. R. CIV. P. 23(a)(4); and

e.      The questions of law or fact common to the Settlement Class and each state Settlement Subclass predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, FED. R. CIV. P. 23(b)(3).

16.     Pursuant to Rule 23(c)(3)(B), the Court finds that all those Settlement Class Members who did not timely and validly request exclusion from the Settlement Class are Settlement Class Members who are bound by the Settlement Agreement and this Final Approval Order and Judgment.  Given the vast size of the Settlement Class, the Court finds it impracticable to identify each Settlement Class and state Settlement Subclass Member by name in this Final Approval Order and Judgment.

17.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure and constitutional due process, this Court finds and concludes that due and adequate

notice was directed to all persons who are Settlement Class Members, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

18.     The Court finds and concludes that the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund.

19.     Pursuant to Rule 23(g) and for the reasons set forth in Plaintiffs' motion for final approval, the Court confirms the appointment of the following individuals as Settlement Class Counsel: Scott A. Kamber of KamberLaw LLC, Gary E. Mason of Mason Lietz & Klinger LLP, Michael Reese of Reese LLP, and Rachel E. Schwartz of Stueve Siegel Hanson LLP.

20.     The Court confirms the appointment of the following Class Representatives to represent the Settlement Class:

> Michelle Black, Toni Blanchard, Jack Blaser, Jeremiah Will Brigham, Stacey Caskey, Kathy Capron, Megan Carter, Kristina Centers, Linda Cole, Jennifer Cromwell, Kristin DeCroce, Molly McDowell Dunston, Sarah Ecton, Sandra Walker Evans, Jamie Fain, Beatrice Friedman, Maritza Galindo, Lafonda Guyton, Sally Hall, Marc Haughaboo, Leiann Hawley, Keith Heck, Janis Henderson, Melinda Hengel, Jessie Hollister, Sharon Hopkins, Claudia Hoyos, Janet Imfeld, Mary Ippisch, Brandy Jeter, Cara Kaufmann, Allison Kay, Kevin Kelly, Marla King, Kathy Klaassen, TJ Knowland, Lisette Kra, Teresa Krage, Rosemary Lanctot, Janet Laurin, Tammy Lechner, Stephanie Lett, Sandra Lindquist, David Lovell, Dan Marcus, Michael Markiewicz, Marnie McCown, Cheryl McMurray, Melissa Mendoza, Jeffrey Morris, Jennifer Naeve, Robert Neve, Kay Okahashi, Mary Ponce, Robin Prebe, Susan Pyper, Vanessa Roberts, Karen Rohman, Taakena Ross, Cheri Rusinack, Michael Russell, Crystal Russell, Chuck Silveira, Harmony Stidham, Kristal Summers, Catherine Teegarden, Andrew Tilles, Demetrios Tsiptsis, Luann Tyborski, Angela Wickham, and June Yoshinaga.

21.     The Court confirms its appointment of Kroll Settlement Administration (f/k/a Heffler Claims Group LLC) as the Settlement Administrator, to have such duties and responsibilities as provided for in the Settlement Agreement, the Preliminary Approval Order, and

this Order.

22.     The Court expressly incorporates into this Final Approval Order and Judgment the Settlement Agreement and all Exhibits thereto, which were filed on December 15, 2020, Docs. 98-1 to 98-6.

23.     Pursuant to Section II.42 of the Settlement Agreement, the Settlement Fund shall be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, and the Settlement Administrator shall be the "administrator," within the meaning of Treasury Regulation § 1.468B-2(k)(3), and shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund.  Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation.  Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process.  The Court shall have continuing jurisdiction over the Settlement Fund.

24.     Neither this Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, or any and all negotiations, documents, and discussions associated therewith shall be deemed or construed to be an admission or evidence of any violation of statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations made by Plaintiffs in any pleading or other document filed in this action.

25.     Section IX of the Settlement Agreement (Sections IX.69 through IX.72) is expressly incorporated into this Final Approval Order and Judgment.  Therefore, upon the Effective Date, and in consideration of the Settlement benefits, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all

11

Released Claims.

26.     The Court hereby permanently enjoins the Settlement Class Members and any other Releasing Party from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other litigation in any State, territorial, or Federal court, or any arbitration or administrative, regulatory, or other proceeding in any jurisdiction, that asserts claims based on, or in any way related to, the Released Claims.  In addition, the Court hereby permanently enjoins the Settlement Class Members and any other Releasing Party from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

27.     With respect to the Released Claims, Plaintiffs and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law the provisions, rights, and benefits conferred by (a) Section 1542 of the California Civil Code, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any State of the United States, Federal law, or principle of common law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

28.     The Court orders the Parties to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement.

29.     In accordance with Section VIII.65 of the Settlement Agreement, the terms and provisions of the Settlement Agreement may be amended, modified, or expanded only by written agreement of the Parties and approval of the Court; provided, however, that the Parties may, by written agreement, effect such amendments, modifications, or expansions of the Settlement

12

Agreement and its implementing documents (including all exhibits thereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

30.     The terms of the Settlement Agreement and of this Final Approval Order and Judgment are forever binding on the Parties and the Settlement Class Members, as well as on their respective heirs, executors, administrators, predecessors, successors, affiliates, and assigns.  The two individuals identified by the Settlement Administrator as having filed timely and valid requests for exclusion from the Settlement Class, Joseph M. Gerrety and Patty J. Gardner, are expressly excluded from the Settlement Class pursuant to their requests and are therefore not bound by the terms of the Settlement Agreement or this Final Approval Order and Judgment.

31.     The Consolidated Class Action Complaint, Doc. 96, to the extent it includes claims that are included in this Settlement, is dismissed with prejudice and without costs to any Party, including claims for interest, penalties, costs, and attorneys' fees, save the Fee Award and Costs rendered in accordance with Sections I.9, IV.50, XI.76, and XI.77 of the Settlement Agreement.  Claims in the lawsuit captioned *Diana Anja Eichhorn-Burkhard v. Hill's Pet Nutrition, Inc. et al.*, No. 19-CV-02672- JAR-TJJ, and the cat and dry dog food-related claims included in *Bone, et al. v. Hill's Pet Nutrition, Inc., et al.*, No. 19-CV-02284-JAR-TJJ, are expressly excluded from this Settlement and are not dismissed with prejudice.   In addition, the following three other complaints may contain claims that fall outside of this Settlement: *Schwegmann v. Hill's Pet Nutrition, Inc.*, No. 19-cv-2149-JAR-TJJ; *Navarrete v. Hill's Pet Nutrition, Inc.*, No. 19-cv-2312-JAR-TJJ; and *Jubinville v. Hill's Pet Nutrition, Inc.*, No. 19-cv-2302-JAR-TJJ.   The foregoing three complaints will not be dismissed with prejudice

13

in their entirety at this time, pending further communication by the Parties, but any claims within these complaints that are included in the Settlement will be dismissed with prejudice.

32.    Any order entered regarding attorneys' fees, expenses, and/or any service awards shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

33.    This Court retains continuing and exclusive jurisdiction over this action, including jurisdiction over the Parties and their counsel, the Class Representatives, all Settlement Class Members, and the Settlement Administrator, and continuing and exclusive jurisdiction to interpret, implement, administer, and enforce the Settlement Agreement, to distribute, allocate, and decide any disputes among counsel related to attorneys' fees, costs, and expenses, and to implement and complete the claims administration and distribution process.  Exclusive jurisdiction is also retained to decide any issues regarding objections filed, including but not limited to deciding any motion for sanctions and/or for entry of an appellate bond.

34.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: July 30, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

14